

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



MAY 2 0 1999

NANCY DOHERTY, CLERK

Deputy

ACADEMY OF MODEL
AERONAUTICS, INC.,

Plaintiff,

v.

No. 3:98-CV-2401-T

SPORT FLYERS OF AMERICA,
INC., ET AL.,

Defendants.

ENTERED ON DOCKET

MAY 21 1999

U.S. DISTRICT CLERK'S OFFICE

### ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT

Before the Court is the Notice of Motion to Vacate Default Judgment, filed by Defendants Sport Flyers of America, Inc., and Elliott Janss. The Court construes the Notice as a motion, although it does not contain a supporting brief. After considering the motion and Plaintiff's response, the Court is of the opinion that the motion should be denied.

On February 5, 1999, the Court entered a final default judgment against Defendants. The Court found that Defendants' agent for service was served with summons and complaint on December 22, 1998, and that Defendants had not answered or otherwise pleaded.

The Court also found from the uncontroverted facts that, in March 1997, Plaintiff Academy of Model Aeronautics, Inc., and an entity known as Sport Flyers Association, Inc., entered into a consent judgment under which Sport Flyers Association was to pay AMA scheduled payments totaling $124,000 plus post-judgment interest over a three year term ending

December 1, 1999. The judgment provided that failure to make any required payment entitled AMA to accelerate the indebtedness and execute the judgment. AMA has not received any payments under the terms of the judgment.

The uncontroverted facts also established that Sport Flyers Association was stripped of its assets, and its principals disappeared from Texas. However, Sport Flyers of America, Inc., operated by Defendant Elliott Janss, continued the business affairs of Sport Flyers Association with the same membership, the same operational procedures, and the same insurance policy as Sport Flyers Association, but free from its former liabilities under the judgment.

From the uncontroverted evidence, the Court found that Sport Flyers of America is a continuation of Sport Flyers Association and that AMA's evidence was sufficient to support entry of default judgment in favor of AMA in the amount of $124,000, plus post-judgment interest. The Court also awarded AMA reasonable attorney's fees in the amount of $28,961.75 along with $6,549.08 for expenses.

In the instant motion, Defendants move the Court to vacate the default judgment on the grounds that they were not properly served and for reasons of good cause and excusable neglect. In support of the motion, Defendants have filed the Certification of Elliott Janss.

First, Defendants argue that they were not properly served with summons and complaint because AMA served the Texas Secretary of State under the Texas Long Arm Statute. Defendants contend that the Secretary is not their agent for service because they have never done business in Texas. However, Defendants admit that they received a copy of the pleadings from the Secretary.

ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT                                  PAGE 2

> Section 17.044(b) of the Texas Civil Practice and Remedies Code provides:
>
> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Thus, the Secretary of State's certificate is conclusive evidence that the Secretary, as an agent for the defendant, received service of process for the defendant and forwarded the service as required by statute. *See Capitol Brick, Inc. v. Fleming Mgf. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). Moreover, service is complete when the Secretary is served, not when the defendant receives notice. *See Whitney v. L & L Rlty. Corp.*, 500 S.W.2d 94, 96 (Tex. 1973).

In support of the argument that AMA improperly served the Secretary as Defendants' agent, the Certification of Elliott Janss states that Sports Flyers of America does not operate in Texas and does not maintain an office in Texas. Janss further states that he never had an office in Texas and that he never did business in Texas. In response to Janss's assertions, AMA has provided the Court with deposition testimony and bank records, which indicate that Defendants did conduct business in Texas. However, Defendants have not filed a reply to AMA's response and have not attempted to refute this evidence. Therefore, the Court has nothing more than Janss's conclusory statements that Defendants were improperly served under the Texas Long Arm Statute.

Furthermore, the objective of the Texas Long Arm Statute is to provide reasonable notice of the suit and an opportunity to be heard. *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 413 (5th Cir. 1998)(citing *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ)). Because Defendants admit receiving a copy of

ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT PAGE 3

the summons and complaint in this case, there is no question that they were given notice of the lawsuit and an opportunity to be heard. Under these circumstances, the Court finds no basis for setting aside the default judgment on the basis of Defendants' unsupported contention that they were improperly served.

Defendants also move the Court to vacate the default judgment on the basis of good cause and excusable neglect. Courts generally look to three criteria to determine whether to vacate a default judgment: (1) whether the default was willful, (2) whether setting aside the judgment will prejudice the adversary, and (3) whether the defendant presented a meritorious defense. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). However, the ultimate inquiry is whether the defendant has shown good cause to set aside the judgment. *Id.*

In the Certification of Elliott Janss, Janss states that he received a certified mailing of the pleadings and that his attorney immediately called AMA's attorney, asking for an acknowledgment of service for Janss to sign. Janss also states that his attorney never received the acknowledgement of service document and that, because he was undergoing dialysis three times per week, he did not recall when or how papers had been disseminated. However, Janss states that he always understood that he had to be personally served with process.

After consideration, the Court finds that Defendants have not stated good cause to set aside the default judgment. They have presented no evidence of any mistake or inadvertence. Moreover, they admit that they received the summons and complaint, suggesting that they made a conscious decision not to respond to the lawsuit. Therefore, the Court concludes that Defendants willfully did not file an answer in the case or otherwise plead.

Also, the Court finds that AMA will be prejudiced if the default judgment is set aside. This lawsuit arises out of litigation that has been pending since 1992. According to AMA, attempts to enforce the underlying consent judgment have resulted in a search for hidden assets and extensive discovery to gather sufficient facts to bring enforcement proceedings against Janss and Sport Flyers of America. AMA contends that if the default judgment is set aside, Janss will have another opportunity to incorporate in another state, move or hide assets, and otherwise attempt to avoid paying the consent judgment. For these reasons, the Court finds that setting aside the default judgment will prejudice AMA.

Finally, Defendants have not shown that they have a meritorious defense to this lawsuit. They have not provided any facts to suggest that there is a reasonable probability of a different result if the default judgment is set aside. *See Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). The Court has nothing more than Janss's conclusory statements, which are insufficient to show a meritorious defense. *Id.* Under these circumstances, Defendants' motion to set aside the default judgment should be denied.

It is therefore **ORDERED** that the Notice of Motion to Vacate Default Judgment, filed by Defendants Sport Flyers of America, Inc., and Elliott Janss on March 31, 1999, is denied.

Signed this 20 day of May, 1999.

Robert B. Maloney
U.S. District Judge

ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT                                      PAGE 5