IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC., <br> D/B/A SOUTHWEST WHEEL COMPANY, <br> AND D/B/A ETRAILERPART.COM, <br><br> Plaintiff, <br><br> vs. <br><br> BROPFS CORPORATION, <br> D/B/A ETRAILER.COM, <br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 3-06-CV2084-P <br>        -ECF |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**AND BRIEF IN SUPPORT**

Plaintiff, DVH Companies, Inc., d/b/a Southwest Wheel Company, and d/b/a etrailerpart.com, through its undersigned counsel of record, moves the Court for the entry of a Default Judgment in this case, against Bropfs Corporation, d/b/a etrailer.com, Defendant, pursuant to Rule 55 (b)(2) of the Federal Rules of Civil Procedure, and, in support thereof, allege the following:

I.

**Incorporation by Reference**

1.     This Request is made in reliance upon the following evidence all of which is incorporated herein by reference as if set forth at length for all purposes:

(a) Plaintiff's Complaint for Declaratory Judgment and Cancellation of Trademark, and attached Exhibits, filed in this case, on November 9, 2006 (Docket No.[1] 1) (the "Complaint");

(b) The Summons issued in this case by the Clerk of Court to Defendant Bropfs Corporation, d/b/a etrailer.com, on November 13, 2006 (Docket No. 2) (the "Summons");

(c) Affidavit of Service, dated November 21, 2006, by Barbara C. Stinnett, Certified Process Server, Texas Supreme Court ID # SCH1181, of the Summons and Complaint served on the Texas Secretary of State, as Agent for Defendant Bropfs Corporation, d/b/a etrailer.com, filed in this case on November 27, 2006 (Docket No. 6) (the "Affidavit of Service");

(d) Certificate of Service, dated December 8, 2006, issued by the Secretary of State of the State of Texas, filed in this case on December 12, 2006 (Docket No. 7) (the "Certificate of Service");

(d) The Clerk's Entry of Default, entered against Defendant Bropfs Corporation, d/b/a etrailer.com, in this case by the Clerk of Court, on December 12, 2006 (Docket No. 9) (the "Default"); and

(e) The Record in this case.

---

[1] References to the Docket in this case are to the equivalently numbered documents on the docket maintained by the Clerk of Court pursuant to the Court's Case Management/Electronic Filing System.

**MOTION FOR ENTRY OF DEFAULT JUDGMENT – Page 2**

II.

## **Procedural History**

2.	On or about November 9, 2006 Plaintiff filed its Complaint in this case.

3.	On or about November 13, 2006, the Clerk of Court issued the Summons for service upon Defendant Bropfs Corporation, d/b/a etrailer.com ("Defendant"), by serving the Texas Secretary of State, as its agent for service of process, as authorized by Tex. Civ. Prac. & Rem. Code Ann. §17.041 *et seq.* (the "Long-Arm Statute"). *See Summons*; *Complaint* ¶¶ 6, 9

4.	On or about November 21, 2006, Barbara C. Stinnett, Certified Process Server, served a copy of the Summons, Complaint, Civil Fling Notice and Standing Order Designating Case for Enrollment in the Electronic Case Files "ECF" System in this case, in person on the Texas Secretary of State pursuant to the requirement of the Long-Arm Statute. *See Affidavit of Service*; *Certificate of Service*

5.	On or about December 1, 2006, the Texas Secretary of State notified Defendant of this lawsuit by delivering a copy of the Summons and Complaint to the Defendant via United States Certified Mail Return Receipt Requested, addressed to the Defendant at its home office at 3707 Veterans Memorial Parkway, Saint Charles, Missouri 63303, Attention: Michael H. Bross, Registered Agent and President, pursuant to the further requirements of the Long-Arm Statute. *See Certificate of Service*

6.	On or about December 4, 2006, the Defendant received a copy of Summons and Complaint from the Texas Secretary of State and signed the Return Receipt, as evidence thereof. *See Certificate of Service*

---

7.     Pursuant to the Rule 12 of the Federal Rules of Civil Procedure, Defendant was obligated to file an answer to the Complaint no later than December 11, 2006. *See Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Whitney v. L. & L Realty*, 500 S.W.2d 94, 96 (Tex. 1973); *Academy of Model Aeronautics, Inc. v. Sport Flyers of America*, Case No 3:98-CV-2401-T, United States District Court, Northern District of Texas, Dallas Division.

8.     Defendant failed to plead, respond, or otherwise defend this case, as required by Rule 12 of the Federal Rules of Civil Procedure, on or before December 11, 2006.

9.     On December 12, 2006, the Clerk of Court entered the Default, against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

10.    This Court has personal jurisdiction over the Defendant, as such jurisdiction is authorized by the Long-Arm Statute, and the Fifth and Fourteenth Amendments to the United States Constitution.  See Complaint ¶¶ 6, 9; *See U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex.1977), *cert. denied* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

III.

**Plaintiff is Entitled to Judgment (i) Declaring That Its Etrailerpart.Com Mark Does Not Infringe on Defendant's Federal Registration for the Mark Etrailer.Com; and  (ii) <u>Canceling Defendant's Registration for the Mark Etrailer.Com</u>**

11.    The Defendant, by its Default, admits the factual allegations of the Complaint, except those relating to the amount of damages, and is barred from contesting the facts thus

---

**MOTION FOR ENTRY OF DEFAULT JUDGMENT – Page 4**

established. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted); *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (citations omitted); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citations omitted); 10A *Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure*, § 2688 at 58-59 & n.5 (3d ed. 1998) (If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.); *Id.* § 2684, at 29 (When a judgment by default is entered, it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded.)

12.     In the Complaint, Plaintiff seeks a declaration that the use of its "etrailerpart.com" mark in connection with the sale of towing and trailer parts is entirely lawful and does not infringe any of Defendant's rights in the stylized mark "etrailer.com", pursuant to Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-02 (the "Federal Declaratory Judgments Act"). *Complaint* ¶¶ 10-31

13.     Plaintiff further seeks the cancellation of Defendant's Federal trademark registration, Registration No. 2,906,248 (Serial No. 78/229,831), registered November 30, 2004, for the stylized mark "etrailer.com", for online retail ordering services and retail outlets featuring truck accessories and trailer hitches in International Class 35, on the basis that: (a) such mark is merely descriptive of the goods and services offered; and (b) the mark has not become distinctive of Defendant's goods, as claimed by Defendant's President in an Affidavit submitted to the United States Patent and Trademark Office ("USPTO"), pursuant to Sections 14 and 37 of the Lanham Act, Title 15 of the United States Code (the "Lanham Act"), 15 U.S.C. §§ 1064 and 1119.  *Complaint* ¶¶ 10-28; 32-5

---

14. The uncontested and admitted facts and evidence presented by the Complaint establishes as a matter of law that: (i) Plaintiff's use of the Southwest Wheel Mark and associated etrailerpart.com domain name in connection with the sale of towing and trailer parts, is entirely lawful and does not infringe any of Defendant's rights in the eTrailer.com Mark, and (ii) that Plaintiff is entitled to cancellation of Defendant's Federal trademark registration, Registration No. 2,906,248 (Serial No. 78/229,831), for the stylized mark "etrailer.com", in that:

(a) Defendant's mark consists of a generic name for Defendant's goods, prohibited from being granted trademark protection under Section 2(a) of the Trademark Act, 15 U.S.C. §1052(a). *See Roux Laboratories, Inc. v. Clairol, Inc.*, 427 F.2d 823, 166 U.S.P.Q. 34 (C.C.P.A. 1970); *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F. 3d 266, 50 U.S.P.Q.2d 1626 (2d Cir. 1999); *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 1987 F.3d 1143, 53 U.S.P.Q.2d 1001 (9th Cir. 1999); *Holzapfel's Compositions Co. v. Rahtjen's American Composition Co.*, 183 U.S. 1, 46 L. Ed. 49, 22 S. Ct. 6 (1901); See also, *Restatement (Third) of Unfair Competition*, §15 (2006) ("Generic designations are not subject to appropriation as trademarks at common law and are ineligible for registration under state and federal trademark statutes.")

(b) To the extent that Defendant's mark is deemed merely descriptive within the meaning of Section 2(e) of the Trademark Act, in that it immediately, and with some specificity, describes a feature, function, use, purpose, ingredient, or characteristic of Defendant's goods or services; namely, online retail ordering services and retail outlets featuring truck accessories and trailer hitches, it is not inherently distinctive, and therefore not capable of being protected under Section 2(f) of the Trademark Act, 15 U.S.C. §1052(f). *See Two Pesos,*

*Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 120 L. Ed. 2d 615, 112 S. Ct. 2753, 2758, 23 U.S.P.Q.2d 1081, 1084 (1992), *reh'g denied*, 505 U.S. 1244, 120 L. Ed. 2d 947, 113 S. Ct. 20 (1992)

(c)     Defendant's mark is not inherently distinctive and, by virtue of the generic nature of the mark, cannot acquire distinctiveness through secondary meaning. *Christian Science Bd. Of Directors of First Church of Christ, Scientist v. Evans*, 105 N.J. 297, 520 A.2d 1347, 2 U.S.P.Q.2d 1093 (1987). *In re BOC Group, Inc.*, 223 U.S.P.Q. 462 (T.T.A.B. 1984) (No amount of secondary meaning can "rescue" a term already categorized as a generic name.); *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 1 U.S.P.Q.2d 1364 (3d Cir. 1986)

(d)     The term ".com" (as any other domain indicators) ads nothing to the distinctiveness of the designation of a trademark or service mark. *See United States Patent and Trademark Office, Examination Guide 2-99, Part I, Marks Composed in Whole or in Part, of Domain Names (September 29, 1999)*; *Brookfield Communications v. West Coast Entertainment Group*, 174 F.3d 1036 (9th Cir. 1999) (the term ".com" is generic for the Internet and adds nothing of trademark significance)

(e)     The word "trailer" clearly describes the central product or function of Defendant's services and no imagination is required of one encountering the services and the mark. The term should remain in the public domain for all to use in describing service activities of this kind. Furthermore, the term "trailer" and the eTrailer.com Mark in which it is contained is so descriptive of services and activities relating to trailers and trailer parts themselves, as to be incapable of ever becoming distinctive of those services, within the meaning of Section 2(f) of the Trademark Act; as consumers would not come to see the mark as indicating an association

---

with Defendant as the origin of the goods or services. *Roux Laboratories*; *Otokoyama Co. Ltd.*; *Filipino Yellow Pages*; *Restatement (Third) of Unfair Competition*; *Continental Airlines Inc. v. United Air Lines Inc.*, 53 U.S.P.Q.2d 1385, 1999 WL 1421649 (T.T.A.B. 2000) (Even if one has achieved de facto acquired distinctiveness in a generic term through promotion and advertising, the generic term is still not entitled to protection because to allow protection would "deprive competing manufacturers of the product the right to call an article by its name.")

        (f)      The term "e" is generic for electronic, and also adds nothing of trademark significance. "E" has accordingly become synonymous with the Internet, as has ".com". It is commonly recognized and understood as a indicating that the generic product is sold on the Internet, and cannot. *Continental Airlines Inc. v. United Air Lines Inc.*, 53 U.S.P.Q.2d 1385, 1999 WL 1421649 (T.T.A.B. 2000) (while electronic airline ticketing is known by more than one name, such as "electronic ticket" and "electronic ticketing," "e-ticket" is one of those generic names because: "Any product or service may have many generic designations."). *In re Styleclick.com Inc.*, 57 U.S.P.Q.2d 1445, 2001 WL 15915 (T.T.A.B. 2000) ("E Fashion" for Internet services of providing information about fashions is descriptive and not registerable for an ITU application"). See also McCarthy, J. Thomas, *McCarthy on Trademarks and Unfair Competition*, §§ 12:37: Abbreviations of generic terms, 4th ed. (Deerfield, IL: Clark Boardman Callaghan, 2003 - 2006), ("…the initial letter "e-" has become so extensively used as a prefix for all kinds of generic terms that it is widely recognized as indicating that the use of "e-[generic name]" means that the generic product is sold on the Internet. Indeed, the whole business of buying and selling via the Internet is often referred to by the generic name "e-commerce.")

    (g) This controversy and dispute present a "case or controversy" within the meaning of Article III of the United States Constitution. See *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Plaintiff is entitled to a declaration under the Federal Declaratory Judgments Act, 28 U.S.C. Sections 2201(a), and Fed. R. Civ. P.57. Jurisdiction is specifically conferred upon this Court by Section 39 of the Lanham Act, 15 U.S.C. § 1121. Plaintiff's Petition for Cancellation of a Trademark is authorized by Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064 and 1119.

    (h) Plaintiff has the standing required to petition to cancel on basis of the generic nature of Defendant's mark, descriptiveness of Defendant's mark, and lack of secondary meaning in Defendant's mark as Plaintiff has a sufficient interest in using the generic or descriptive terms of Defendant's mark in its business and Defendant's registration is inconsistent with Plaintiff's equal rights to use the generic or descriptive terms of Defendant's mark. *De Walt, Inc. v. Magna Power Tool Corp.*, 289 F.2d 656, 129 U.S.P.Q. 275 (C.C.P.A. 1961). *Yard-Man, Inc. v. Getz Exterminators, Inc.*, 157 U.S.P.Q. 100 (T.T.A.B. 1968); *La Maur, Inc. v. Computer Styles, Inc.*, 169 U.S.P.Q. 495 (T.T.A.B. 1971), amended, 170 U.S.P.Q. 159 (T.T.A.B. 1971).

### III.
### Prayer

 WHEREFORE PREMISES CONSIDERED, DVH Companies, Inc., d/b/a Southwest Wheel Company, and d/b/a etrailerpart.com, Plaintiff, respectfully prays that:

---

**MOTION FOR ENTRY OF DEFAULT JUDGMENT – Page 9**

     A.     Plaintiff have and recover Judgment from and against Bropfs Corporation, d/b/a etrailer.com, Defendant, as follows:

     (i)     A declaration under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201(a), and Fed. R. Civ. P.57, that Plaintiff's use of its etrailerpart.com mark, and associated etrailerpart.com domain name, in connection with the sale of towing and trailer parts, are entirely lawful and do not infringe any of Defendant's rights in the etrailer.com mark or etrailerpart.com domain name; and

     (ii)     Judgment, pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064, that: (a) Defendant's etrailer.com mark is generic and/or merely descriptive of the goods and services offered; (b) the mark has not become distinctive of Defendant's goods in commerce; and (c) that the Registration of the mark be cancelled;

     B.     Plaintiff's claims and causes of action against Defendant for damages, resulting from unlawful and unfair competition, punitive and/or exemplary damages, and recovery from the Defendant of its attorneys' fees, be set for hearing and determination on the docket of this Honorable Court; and

     C.     Plaintiff have and recover such other and further relief, legal and equitable, general and special, to which Plaintiff may show itself justly entitled.

DATED: December 12, 2006

        Respectfully submitted,

        ___/s/ Pieter J. Tredoux_____
        Pieter J. Tredoux
        (Member of the New York Bar)
        901 Main Street
        Suite 6300
        Dallas, Texas 75202
        214-712-9291 – [telephone]
        214-712-5690 – [telecopier]

        and

        Scott T. Griggs
        State Bar No. 24032254
        Dennis T. Griggs
        State Bar No. 08488500
        Griggs Bergen LLP
        Bank of America Plaza
        901 Main Street
        Suite 6300
        Dallas, Texas 75202
        214-653-2400 – [telephone]
        214-653-2401 – [telecopier]

        CO-COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 13, 2006, a true and correct copy of the Motion for Entry of Default Judgment and Brief in Support was mailed via e-mail and United States first class mail, return receipt requested, postage prepaid to:

>Cathy J. Futrowsky, Esq.
>Gallop, Johnson & Neuman, L.C.
>101 S. Hanley Road, Suite 1700
>St. Louis, MO 63105
>United States of America

                      ____/s/ Scott T. Griggs_____
                      Scott T. Griggs