IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC., D/B/A SOUTHWEST WHEEL COMPANY, AND D/B/A ETRAILERPART.COM, <br><br> Plaintiff <br><br> vs. <br><br> BROPFS CORPORATION D/B/A ETRAILER.COM, <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 3-06CV2084-P |

## MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant Bropfs Corporation d/b/a etrailer.com ("Bropfs" or "Defendant"), by and through its undersigned attorneys, pursuant to Rules 55(c) of the Federal Rules of Civil Procedure and for good cause shown has moved this Court to set aside the Order of Default entered by the Clerk on December 11, 2006. Bropfs also hereby opposes Plaintiff's Motion for Entry of Default Judgment. In support of its Motion and Opposition, Bropfs states the following:

### Preliminary Statement

On December 12, 2006, the Clerk of the Court entered an Entry of Default against Defendant pursuant to Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend in response to the Complaint filed by Plaintiff DVH Companies, Inc. d/b/a Southwest Wheel Company and d/b/a etrailerPart.com ("Plaintiff" or "DVH"). However, Bropfs' Answer was not actually due until *yesterday*, December 14th, 2006, was timely filed yesterday, and the Entry of Default may

therefore be properly set aside. For these same reasons, and for the additional reasons set forth below,[1] Plaintiff's Motion for Entry of Default Judgment should likewise be denied.

## ARGUMENT

### I. Bropfs' Answer and Counterclaim Were Timely Filed

The Court may readily set aside the Entry of Default and dismiss Plaintiff's pending Motion for Entry of Default Judgment because Bropfs did **not** "fail[ ] to plead or otherwise defend," as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). As such, no basis exists for the Clerk's Entry of Default or Plaintiff's instant Motion.

On December 12, 2006, two Patton Boggs attorneys researched this Judicial District's reading of the Federal Rules of Civil Procedure with respect to the time to respond to a complaint served on the Texas Secretary of State.[2] One case addressed the issue.[3] In *Brown v. Bandai America, Inc.*,[4] Judge Buchmeyer set aside an entry of default against a non-resident defendant served via the Secretary of State, noting:

> Here, the Secretary of State was served on September 10, 2001. This required [Defendant] Sunrise to respond by October 3, 2001 ... Sunrise was required to answer or otherwise appear within 20 days after the Secretary of State was served. *See* Fed. R. Civ. P. 12(a)(1)(A). This period was extended by three days under Rule 6(e) of the Federal Rules of Civil Procedure.

Similarly, in this case, Plaintiff claims that the Texas Secretary of State was served with Plaintiff's Complaint on November 21, 2006, and then – after waiting nine days – forwarded the

---

[1] Defendant submits with this Memorandum an Appendix In Support of Motion to Set Aside Entry of Default ("App."). Declarations from the Appendix are cited as "___ Decl." Defendant also submits an Compendium of Unreported Decisions, in which each unreported decision appears in alphabetical order. Page numbers from Plaintiff's Motion for Entry of Default Judgment and Brief in Support are cited as "P. Br. _".

[2] App. 1-2 (Burleson Decl. ¶ 2); 4 (Conway Decl. ¶¶ 2-3).

[3] *Id.*

[4] No. 3-01-CV-0442-R, 2002 WL 1285265 at *3, n.4 (N.D. Tex. June 4, 2002).

Complaint on to Bropfs via United States registered mail.[5] Thus, any response by Bropf was required to be filed with the Court 20 days later, *plus 3 additional days* pursuant to Fed. R. Civ. P. 6(e), e.g., December 14, 2006. Defendant filed an Answer and Counterclaim on December 14, 2006. As such, the Court must set aside the Entry of Default and deny Plaintiff's Motion.

Ignoring *Brown*, Plaintiff cites two <u>Texas state court cases</u> and a decision from this Court denying a motion to vacate default judgment to support its assertion that "[p]ursuant to the *[sic]* Rule 12 of the Federal Rules of Civil Procedure, Defendant was obligated to file an answer to the Complaint no later than December 11, 2006."[6] None of these cases demonstrate that a Defendant has only 20 days to respond when served by through the Texas Secretary of State. Neither *Bonewitz v. Bonewitz*[7] or *Whitney v. L&L Realty Corp.*[8] even mention Fed. R. Civ. P. 12, nor do they discuss the time period within which a non-resident defendant served on the Secretary of State must respond to a petition under the corresponding Texas Rule of Civil Procedure. Likewise, this Court's "Order Denying Motion to Vacate Default Judgment" in *Academy of Model Aeronautics, Inc. v. Sport Flyers of America, Inc.*[9] does not state that a response to a complaint served on the Texas Secretary of State is due 20 days after service on the Secretary of State.

Bropfs' Answer and Counterclaim was timely filed under the Federal Rules of Civil Procedure, as previously set forth by this Court in *Brown*. For this reason alone, the Clerk's Entry of Default must be set aside and Plaintiff's Motion denied.

---

[5] P. Br. at 3.

[6] P. Br. at 4 (citing cases).

[7] 726 S.W.2d 227 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

[8] 500 S.W.2d 94 (Tex. 1973).

[9] *See* Plaintiff's Appendix to Motion for Entry of Default Judgment.

<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR DEFAULT JUDGMENT</u> – Page 3

400171

## II. Even was Bropfs' Response Untimely, Plaintiff is Not Entitled to an Entry of Default or Default Judgment

### A. *Legal Standards Governing the Entry of Default and Default Judgment*

As a general rule, entries of default judgment are "disfavored in the law, and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."[10] As long as there are "no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."[11] Indeed, "[d]efaults are not favored and their strict enforcement has no place in the Federal Rules."[12]

A district court may grant relief from an entry of default for good cause shown.[13] "Courts generally look to three factors when assessing good cause in a default setting: (1) whether the default was willful; (2) whether setting aside the judgment will prejudice the plaintiff; and (3) whether a meritorious defense is presented."[14]

The standard that governs vacating an entry of default under FRCP 55(c) is basically the same standard which governs vacating a default judgment under FRCP 60(b), however, "the

---

[10] *Pham v. Hoang*, No. 05-CV-669, 2006 WL 1320118 at *3 (E.D.Tex. Apr. 17, 2006) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

[11] *Id.*

[12] *Id.* at *3 (citing *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)); *see also Stelax Industries, Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at * 11 (N.D. Tex. March 25, 2004) ("even if the Court had not found good cause to set aside the clerk's entry of default, [a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (internal quotations omitted).

[13] *Brown*, 2002 WL 1285265 at *2; Fed. R. Civ. P. 55(c).

[14] *Brown*, 2002 WL 1285265 at *2.

standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."[15]

### B. Entry of Default Should be Vacated and Plaintiff's Motion for Default Judgment Denied

#### 1. Bropfs' Default, if Any, Was Not Willful

Several factors support a finding that a default was not willful, including a mistaken belief regarding the requirement to answer under applicable law,[16] an averment that the failure to answer was not due to conscious indifference, and the filing of an answer subsequent to the default.[17]

Here, Defendant received the Complaint with only thirteen days to file an answer, and it is an open question in Texas whether such a short period of time even comports with due process.[18] Despite that, Defendant contacted Defense Counsel on December 11, 2006, and conveyed its mistaken impression that the Answer was due the day after Christmas.[19] Defense Counsel researched the response date at the first possible opportunity and determined that a response was due under the circumstances twenty-three days after service upon the secretary of

---

[15] *Brown*, 2002 WL 1285265 at *2 (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)); *Pham*, 2006 WL 1320118 at *3 ("[A]lthough the same considerations exist when deciding whether to set aside either an entry of default or a default judgment, they are to be applied more liberally when reviewing an entry of default").

[16] *Pham v. Hoang*, 2006 WL 1320118 *4 (E.D. Tex. Apr. 17, 2006) ("Although they were clearly untimely in answering this lawsuit, the Defendants, through counsel, represent that they simply were under the mistaken belief that their pending bankruptcy stayed this civil proceeding.").

[17] *Id.* ("They also aver that their failure to answer was not due to conscious indifference and that they answered once they retained counsel in this proceeding.").

[18] *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 230 n.2 (Tex. App.—Austin 1987, writ ref'd n.r.e.) ("In this case, service of process was received on January 21, 1986, giving Richard approximately thirteen days to file an answer. We do not address the issue of whether giving a non-resident defendant only thirteen days to file an answer violates due process of law because that issue has not been raised by point of error.").

[19] App. 6 (Franklin Decl. ¶ 2).

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR DEFAULT JUDGMENT – Page 5**
400171

state.[20] Two attorneys researched the issue and came to the same conclusion, based on the only decision they could find that addressed the issue.[21] It cannot be a "willful" failure to answer to rely on a decision of this Court in calculating the answer date.

Further, *Brown* analyzed failure to give *"meaningful* notice of [the] intent to seek a default so opposing counsel could file an answer if he was so inclined."[22] *Brown* found that "This precipitous action violates the spirit, if not the letter, of the Texas Lawyer's Creed and militates against a finding of willfulness."[23] Further, the American College of Trial Lawyers' Code of Trial Conduct (rev. 1987), which is quoted in the *Dondi Properties Corp. v. Commerce Savings & Loan Association* appendix, states:

> When he knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.[24]

Here, Plaintiff's Counsel failed to contact Defense Counsel prior to moving for default. Two opportunities existed to do so: <u>Plaintiff's Counsel could have notified Kathy Futrowsky, who Plaintiff's Counsel knew represented Defendant.</u>[25] Indeed, Plaintiff's Counsel even listed Ms. Futrowsky on the certificate of service for its Motion for Entry of Default Judgment.[26] Strangely, the certificate of service indicates that Plaintiff served Ms. Futrowsky on December

---

[20] App. 6 (Franklin Decl. ¶ 2).

[21] App. 1-2 (Burleson Decl. ¶ 2); 4 (Conway Decl. ¶¶ 2-3).

[22] *Brown*, 2002 WL 1285265 at *5 n.8.

[23] *Brown*, 2002 WL 1285265 at *5 (citing The Texas Lawyer's Creed: A Mandate for Professionalism, art. III, § 11 (Nov. 1989) ("I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intent to proceed.")).

[24] *Dondi Props. Corp. v. Commerce S&L Ass'n*, 121 F.R.D. 284, 296 (N.D. Tex. 1988).

[25] App. 9 (Futrowsky Decl. ¶ 5).

[26] P. Br. 12.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** – Page 6
400171

13, 2006 "via email", <u>the day after</u> Plaintiff moved for default.[27] In any event, Ms. Futrowsky received no communication from Plaintiff regarding the default, including the alleged email service of the motion.[28]

<u>Plaintiff's Counsel could also have called Talcott J. Franklin</u>, who called on December 12, 2006 and left a message with Mr. Griggs' receptionist for Mr. Griggs to return his call that day regarding the case.[29] Mr. Franklin's phone call was not returned until after Plaintiff filed its Motion for Entry of Default Judgment.[30]

### 2. *Setting Aside the Entry of Default and Denying Plaintiff's Requested Default Judgment Will Not Cause Prejudice*

This Court *may* deny Defendant's motion if the Plaintiff will "suffer prejudice by reopening an action".[31]

> Prejudice involves more than the annoyance from delay inherent in every case. Delay in judgment collection or requiring a plaintiff to litigate the merits of a claim are insufficient prejudices for allowing a default judgment to stand.[32]

Less than 5 days have passed since Plaintiff erroneously expected to receive a response to its Complaint, and less than 3 days since Plaintiff requested the entry of default and moved for entry of default judgment. Indeed, if Plaintiff had served Ms. Furtowsky by email as it claimed to do in the certificate of service,[33] Defendant would have had notice of the default judgment on the day it was taken, and turned its immediate attention to overturning it. Plaintiff is no better or

---

[27] *Id.*

[28] App. 10 (Futrowsky Decl. ¶ 8).

[29] App. 7 (Franklin Decl. ¶ 4).

[30] App. 7-8 (Franklin Decl. ¶ 7).

[31] *ICE Co. Prod. v. C&R Refrigeration, Inc.*, 2005 WL 1799517, *2 (N.D. Tex. July 26, 2005).

[32] *Id.; see also Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235 (N.D.Tex. Apr. 10, 2006) (the mere fact that setting aside a default will delay a plaintiff's recovery or require that it litigate its claims is insufficient).

[33] App. 10 (Futrowsky Decl. ¶ 8).

worse off from having received Bropfs' Answer on December 14, 2006, rather than December 11, 2006.

### 3. *Bropfs Has a Meritorious Defense*

To demonstrate a "meritorious defense", the defaulting party "need not prove that it is likely to succeed on the merits; instead, it only needs to show that the evidence it has submitted, if proven at trial, would constitute a defense."[34] This standard is not high: even "thin" allegations will support a "meritorious defense" to set aside the entry of default.[35]

The Answer and Counterclaim contains meritorious defenses to the claims asserted by Plaintiff, and further sets forth Defendant's counterclaims against Plaintiff.[36] The evidence reported in the Counterclaim, which is based on Defense Counsel's initial investigation of the facts,[37] demonstrates actual confusion as a result of Plaintiff's use of the "etrailerpart.com" domain name and purported mark.[38] Actual confusion is the best evidence of likelihood of confusion.[39]

### 4. *Other factors support vacating the entry of default and denying Plaintiff's motion*

"Other factors may be considered, including whether the defendant acted expeditiously to correct the default."[40] Also relevant is the amount of money involved, absence of bad faith by

---

[34] *ICE Co. Prod.*, 2005 WL 1799517, at *2.

[35] *Brown*, 2002 WL 1285265 at *6 ("These allegations, though thin, are sufficient to set up a meritorious defense.").

[36] Bropfs hereby incorporates its Answer and Counterclaim by reference and relies thereupon to demonstrate that it has meritorious defenses to Plaintiff's claims and meritorious claims against Plaintiff.

[37] App. 8 (Franklin Decl. ¶ 9).

[38] *Id.*; Counterclaim ¶ 22-23.

[39] *Roto-Rooter Corp. v. O'Neal*, 513 F.2d 44, 46 (5th Cir. 1975) ("Although evidence of actual confusion is not necessary to a finding of likelihood of confusion, it is nevertheless the best evidence of likelihood of confusion.").

[40] *Pham*, 2006 WL 1320118 at *4.

Defendant, and public interest factors.[41] Here, Defendant immediately filed its Answer and Counterclaim on the day it discovered the Plaintiff's Motion. Defendant moved to vacate the default and oppose Plaintiff's motion the very next day. The case has significant value, as Defendant has invested heavily in its marks.[42] Further, Defendant in no way acted in bad faith. Finally, the public interest is served in two ways: First, the Texas Courts have left open the question as to whether, in these circumstances, the secretary of state's failure to deliver service until 13 days remained to respond meets due process. Second, Defendant submits it would serve the public interest to reject a default judgment obtained in contravention to an express principle outlined in *Dondi* and the Texas Lawyers' Creed.

## CONCLUSION

For the foregoing reasons, Defendant Bropfs Corporation respectfully requests that the Clerk's Entry of Default be set aside and Defendant's Motion for Entry of Default Judgment denied.

Dated: December 15, 2006

Respectfully submitted,

PATTON BOGGS LLP

/s/ Talcott J. Franklin
Talcott J. Franklin
State Bar No. 24010629
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Phone: (214) 758-1500
Fax: (214) 758-1550

---

[41] *ICE Co. Prod.*, 2005 WL 1799517, at *4.

[42] Counterclaim ¶ 9 ("Since 2001, Bropfs has spent over $1,200,000 in online marketing and over $45,000 in print and magazine advertising in developing its brand name and reputation in the industry.").

OF COUNSEL:

Cathy J. Futrowsky
Gallop, Johnson & Neuman, L.C.
101 Constitution Avenue, N.W.
Suite 675 East
Washington, D.C. 20001
Telephone: (202) 682-0707

*Attorneys for Defendant/Counterclaim Plaintiff
Bropfs Corporation d/b/a etrailer.com*

## CERTIFICATE OF CONFERENCE

On December 15, 2006, pursuant to Local Rule 7.1(h), I conferred with Pieter J. Tredoux about the substance of this motion and it is opposed.

                                                      /s/ Talcott J. Franklin
                                                      Talcott J. Franklin

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing was served upon all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(D), today, December 15, 2006 and by United States mail.

Pieter J. Tredoux
901 Main Street
Suite 6300
Dallas, Texas 75202
214-712-9291 (telephone)
214-712-5690 (telecopier)

and

Scott T. Griggs
Dennis T. Griggs
Griggs Bergen LLP
Bank of America Plaza
901 Main Street
Suite 6300
Dallas, Texas 75202
214-653-2400 (telephone)
214-653-2401 (telecopier)

                                                      /s/ Talcott J. Franklin
                                                      Talcott J. Franklin