Westlaw.

Slip Copy
Slip Copy, 2006 WL 1320118 (E.D.Tex.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Pham v. HoangE.D.Tex.,2006.Only the Westlaw citation is currently available.
United States District Court,E.D. Texas, Beaumont Division.
Christopher PHAM, Plaintiff,
v.
San Ngoc HOANG, Nga Tran Hoang, and the M/V Master Dale, her engines, tackle, apparel, cargo, and appurtenances, in rem, Defendants.
No. Civ.A. 1:05-CV-669.

April 17, 2006.

Dennis Michael McElwee, Schechter McElwee & Shaffer, Houston, TX, for Plaintiff.
Alicia Kay Hall, Chambers Templeton Cashiola & Thomas, Beaumont, TX, for Defendants.

*MEMORANDUM ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION*
HEARTFIELD, J.
*1 Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration of and recommended disposition of pretrial matters and proceedings. Pending before the Court is the *Plaintiff's Motion for Default Judgment* [Clerk's doc. # 9].

On March 31, 2006, Judge Giblin issued a *Report and Recommendation on Motion for Default Judgment* [Clerk's doc. # 17]. Having considered the motion, Judge Giblin recommended that the Court deny the *Motion for Default Judgment* and set aside the Clerk's entry of default against the Defendants.

To date, no party has objected to the *Report and Recommendation.* Failure to file specific, written objections to the magistrate's findings and recommendation waives *de novo* review by the District Court. *See* 28 U.S.C. § 636(b)(1). With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record. *Id. See also Douglas v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir.1996)(*en banc* ). Therefore, the Court need not conduct a *de novo* review but instead considers whether Judge Giblin's findings and report present plain error. *Id.*

Accordingly, having considered the *Report and Recommendation* and the record in this cause, the Court agrees with the magistrate's findings and conclusions. The Court therefore ORDERS that the Magistrate's *Report and Recommendation on Motion for Default Judgment* [Clerk's doc. # 17] is ADOPTED. The Plaintiff's *Motion for Default Judgment* [Clerk's doc. # 9] is DENIED. Pursuant to the magistrate's recommendation, the Court finally ORDERS that the Clerk's entry of default [Clerk's doc. # 10] is set aside and TERMINATED.

*REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT*
GIBLIN, Magistrate J.
Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this proceeding the undersigned United States Magistrate for consideration of pretrial matters and proceedings and/or entry of a report and recommendation on dispositive [FN1] motions. Pending before the Court is Plaintiff Christopher Pham's ("Plaintiff") *Motion for Default Judgment* [Clerk's doc. # 9].

FN1. The referral of pretrial duties to a magistrate judge under 28 U.S.C. § 636(b)(1)(A) without the consent of the parties does not extend to the entry of judgment on the pleadings. *See also* Fed. R. Civ. P. 72(b). Accordingly, this document is submitted as a report and recommendation to the District Court under 28 U.S.C. § 636(b)(1)(B).

*BACKGROUND*

Plaintiff filed this suit on October 4, 2005, specifically seeking payment of maintenance and cure by the Defendants under the Jones Act, General Maritime Law and Admiralty Rule 9(h). The Plaintiff duly issued summons and perfected service upon the individual Defendants [Clerk's doc. # 5, 6]. The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Defendants did not timely file an answer, and Plaintiff accordingly requested the entry of default against the Defendants. The Clerk of Court entered default against all Defendants on January 18, 2006.[FN2] Pursuant to the entry of default, the Plaintiff also filed his instant *Motion for Default Judgment.*

> FN2. The Clerk's entry of default essentially serves as a notation on the docket that the defendants have failed to plead or defend in this case as required by law.

*2 However, on February 1, 2006, the Defendants finally filed their *Original Answer and Defenses* to the Plaintiff's complaint and appeared in this proceeding. They also filed a response to the Plaintiff's motion for default judgment, arguing that "Defendants' failure to file an answer prior to [February 1] was not the result of conscious indifference on the defendants' part, but was due to the defendants' mistaken belief that the pending bankruptcy action stayed any civil proceedings, and that a response to Plaintiff's petition was therefore unnecessary. An answer was promptly filed on defendants' behalf once the defendants retained counsel." See *Defendants' Response* [Clerk's doc. # 15].

## DISCUSSION

### A) *Legal Standards*

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Rule 55 outlines the procedure as follows:
"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
(b) Judgment. Judgment by default may be entered as follows:
(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Therefore, default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment. 10 Moore's Federal Practice, § 55.10[1][a] (3d. ed.1997).

*3 Entries of default judgment are generally disfavored in the law, and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir.2000). Where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits. *Id.* (Internal citations omitted). Defaults are not favored and their strict enforcement has no place in the Federal Rules. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir.2003) (Citations omitted).

The standard that governs vacating an entry of default under Rule 55(c) is the same standard which governs vacating a default judgment under Rule 60(b). *See id. See also Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 925 (9th Cir.2004), *cert. denied* 544 U.S. 949, 125 S.Ct. 1704, 161 L.Ed.2d 526 (2005). At the same time, although the same considerations exist when deciding whether to set aside either an entry of default or a default judgment, they are to be applied more liberally when reviewing an entry of default. 10

Moore's Federal Practice, § 55.50[1][a] (3d. ed. 1997) (Quoting *Berthlesen v. Kane*, 907 F.2d 617, 620 (6th Cir.1990)). While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable order under Fed. R. Civ. P. 60(b), [FN3] an entry of default may be set aside for good cause shown. *Id.* Therefore, to prevail on a motion to set aside a default, a defendant must also show "good cause." *See Effjohn*, at 563; *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D.Tex.1995); Fed. R. Civ. P. 55(c).

> FN3. Federal Rule of Civil Procedure 60(b) allows a court to relieve a party or its representative from a final judgment, including a default judgment, on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of the adverse party; (4) the judgment being void; (5) the judgment has been satisfied, released, or discharged; (6) or any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b) (complete text of rule omitted).

The requirement of good cause has generally been interpreted liberally. *Effjohn*, at 563 (Citing *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir.1991)). Three factors are examined for determining "good cause": (1) whether the failure to act was willful; (2) whether the setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy*, 227 F.3d at 292. These factors are not exclusive, instead, they are to be regarded simply as a means to identify good cause. *Effjohn*, 346 F.3d at 563. Other factors may be considered, including whether the defendant acted expeditiously to correct the default. *Lacy*, at 292. Willful or deliberate conduct, including deliberate inattention to obligations, rules, or orders mitigates against relief from default judgments. 12 Moore's Federal Practice, § 60.41[1][c] (3d. ed.1997). Deliberate or willful conduct on the part of the party seeking relief from the judgment precludes, by its very nature, a finding of mistake or inadvertence or excusable neglect. *See Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 734 (5th Cir.1984).

B) *Analysis*

*4 In this case, the Defendants have answered and appeared to defend against Plaintiff's claims. They have also responded in opposition to the motion for default judgment. Although they have not moved to have the clerk's entry of default set aside, the Court construes Defendants' response in opposition and related request for relief as such. *See Effjohn*, at 561 (Quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc)) ("The relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label ... the substance of the plea should control, not the label.") In sum, in order for the Court deny the motion for default judgment, the entry of default against Defendants must first be addressed. If the entry stands, it still serves as a procedural notation that the Defendants did not timely answer or otherwise defend and precedes the second step of entering a default judgment. However, the Defendants have now answered, responded to Plaintiff's request for default judgment, and are, in essence seeking relief from the entry of any default against them. Accordingly, the Court will apply the "good cause" standard and related factors applicable when considering whether the entry of default should be set aside.

The first factor to consider, whether the Defendants' failure to act was willful, weighs in favor of the Defendants. Although they were clearly untimely in answering this lawsuit, the Defendants, through counsel, represent that they simply were under the mistaken belief that their pending bankruptcy stayed this civil proceeding. They also aver that their failure to answer was not due to conscious indifference and that they answered once they retained counsel in this proceeding. They have now appeared willing to respond to Plaintiff's claims for relief. Accordingly, the Court finds that the Defendants' failure to timely answer was not willful or deliberate.

The Court finds that, as for the second factor, the Plaintiff will be somewhat prejudiced by allowing the default to be set aside and permitting the case to proceed to trial on the merits. Plaintiff argues that he has been wrongfully denied his claimed relief, specifically for maintenance and cure, for over two years. This case has been pending before this court for only five months of that time period. Additionally, while Plaintiff will, of course, suffer from any delay in receiving the damages he seeks, this must be weighed against Defendants' interest in defending against those claims. Pursuant to Plaintiff's request for speedy judgment, the Court also deviated from its usual scheduling procedure and entered a docket control order which sets this civil action on a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

very short time line for final adjudication. Summary judgment motions are to be submitted within a month and the case is scheduled to proceed to trial by June 2006. *See Scheduling Order* [Clerk's doc. # 14]. Therefore, the delay incurred by Plaintiff if the Court denies his motion for default is not so significant that this factor weighs in favor of entering a judgment against Defendants. The Court recognizes that any delay is unfavorable to Plaintiff. However, this is mitigated by the fact that the Defendants are now willing to answer the claims and because the Court and the parties are in agreement that a rapid procession to trial on the merits is warranted.

*5 As for the third and final factor, the Court discerns that there is little dispute as to the validity of Plaintiff's claim for maintenance and cure. However, this issue is still ripe for adjudication and is complicated by issues of law related to the Defendants' bankruptcy filing. The Court recognizes the propriety of Plaintiff's straightforward claim, as a seaman, for his maintenance and cure. He has presented a meritorious claim. At the same time, the Defendants have also presented defenses in their responsive pleading and the relation between Plaintiff's claim and their bankruptcy status is still allegedly at issue. The merits of Defendants' arguments are, therefore, to be determined. This factor weighs slightly in favor of the entry of a favorable judgment for Plaintiff. However, this is not in itself determinative, especially when considered in conjunction with the harsh remedy of default, the Court's duty to view entries of default with disfavor, and the Defendants' lack of willfulness in failing to timely answer and their effort to act expeditiously to correct the default. *See Effjohn, 346 F.3d at 563* (Citing *Dierschke v. O'Cheskey, 975 F.2d 181, 184* (5th Cir.1992)).

It is true that ignorance of the law and inadvertent noncompliance, including missed deadlines and defective pleadings, are inexcusable even when a party is not represented. *See, e.g., Teemac v. Henderson, 298 F.3d 452, 458* (5th Cir.2002). However, the Court considers this in contrast with Defendants' willingness to appear in this suit and the general principle that entries of default, especially when based on procedural mistake alone, are disfavored. *Lacy, 227 F.3d at 292*. In doing so, the Court concludes that the entry of default should be set aside and that rendering a default judgment would be improper. The Court accordingly finds that the clerk's entry of default against Defendants should be set aside and Plaintiff's motion for default judgment should be denied.

*RECOMMENDATION*

For the reasons stated herein, the undersigned United States Magistrate Judge recommends that the District Court deny Plaintiff's *Motion for Default Judgment* [Clerk's doc. # 9] and order that the *Clerk's Entry of Default* [Clerk's doc. # 7] against Defendants be set aside and terminated from the docket in this civil action.

*OBJECTIONS*

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415 (5th Cir.1996)* (*en banc*).

*6 SIGNED this the 30th day of March, 2006.

E.D.Tex.,2006.
Pham v. Hoang
Slip Copy, 2006 WL 1320118 (E.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 1:05cv00669 (Docket) (Oct. 4, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.