Briefs and Other Related Documents
Verity Instruments, Inc. v. KLA-Tencor Corp.N.D.Tex.,2006.Only the Westlaw citation is currently available.
    United States District Court,N.D. Texas, Dallas Division.
VERITY INSTRUMENTS, INC., et al., Plaintiffs,
v.
KLA-TENCOR CORPORATION, Defendant.
No. 3:06-CV-0005-D.

April 10, 2006.

Keith Bryan Davis, Mark C. Howland, Robert W Turner, Jones Day, Dallas, TX, for Plaintiffs.
Eric W. Buether, Christopher M. Joe, Eric S. Tautfest, Greenberg Traurig, Dallas, TX, for Defendant.

*MEMORANDUM OPINION AND ORDER*
FITZWATER, J.
*1 Plaintiffs Verity Instruments, Inc. ("Verity") and Arun A. Aiyer move the court for a default judgment against defendant Kla-Tencor Corporation ("KTC"). KTC opposes the motion and moves the court to set aside the default entered by the clerk of court on February 28, 2006. For the reasons that follow,[FN1] the court grants KTC's motion, sets aside the entry of default, and orders KTC to move, answer, or otherwise respond to plaintiffs' complaint no later than May 1, 2006. The court denies both sides' requests for attorney's fees.

   FN1. Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Plaintiffs filed this lawsuit on January 3, 2006. They seek a declaratory judgment that Verity is the sole owner of all right, title, and interest in U.S. Patent No. 6,768,543 and that they have not, and are not, misappropriating or otherwise wrongfully using the intellectual property, trade secrets, or confidential information of KTC or Candela Instruments. Plaintiffs moved on February 27, 2006 for entry of a default and a default judgment. On February 28, 2006 the clerk entered the default. That same day, KTC filed a motion under Fed.R.Civ.P. 55(c) to set aside entry of default and to set deadline to answer, move, or otherwise respond to plaintiffs' complaint. Because both motions present the same ultimate issue, the court will address them together.

II

A

Rule 55(c) provides that, "[f]or good cause shown the court may set aside an entry of default[.]"
The requirement of good cause has generally been interpreted liberally. Three factors are examined for determining good cause *vel non:* (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.

*Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir.2003) (citations, internal quotation marks, brackets, and ellipsis omitted). The term " 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992).[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment. The willful failure to answer, the lack of any meritorious defense, and the existence of resulting prejudice to the plaintiff, depending on the circumstances, typically can provide adequate cause for the court to deny a motion

to set aside a default.

*Id.* at 184 (footnote omitted). "These factors are not 'talismanic,' and we will consider others. The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default. The district court need not consider all of these factors." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992) (citations omitted).

B

*2 KTC maintains on several grounds that the entry of default was improper in the first place. It also posits that, if the default is set aside, it is willing to waive service under Rule 4(d) and to answer, move, or otherwise respond by a deadline set by the court.[FN2]

> FN2. KTC proposes a deadline of March 24, 2006. In view of the briefing allowed under the local civil rules and the date of today's decision, that deadline must be adjusted accordingly.

Even if the court assumes *arguendo* that KTC's arguments directed at the validity of the default itself are incorrect,[FN3] the court in its discretion holds that KTC has satisfied the factors that warrant granting relief under Rule 55(c).

> FN3. Although the court doubts the validity of KTC's argument that the clerk cannot enter a default in a declaratory action because such an action does not seek affirmative relief within the meaning of Rule 55(a), it need not decide this question.

First, KTC has demonstrated that its failure to act was not willful. On January 6, 2006 KTC received a package from Verity's President and CEO that contained a courtesy copy of the complaint and a letter dated January 3, 2006 that stated the complaint had been filed that day. The letter also expressed, however, Verity's desire to resolve the dispute "without the need to proceed further in the lawsuit." Bernice Chen, Esq. Aff. ¶ 4.[FN4] During January and February KTC's counsel regularly checked the court docket to determine whether plaintiffs had attempted service, and nothing indicated that plaintiffs had. On February 24, 2006 counsel reviewed the docket again and discovered two entries, one filed February 22, 2006 and one filed February 23, 2006: an affidavit for service of the summons and complaint, purporting to show service on January 25, 2006, and proof of service returned executed, showing an answer due date of February 13, 2006. An assistant to the General Counsel was instructed to search for the summons and complaint. They were located the same day, but apparently had not been properly filed, docketed, or brought to the attention of any attorney within KTC's legal department. Also that same day, KTC's counsel retained outside counsel to represent KTC and requested that counsel seek an extension from plaintiffs' counsel to file a responsive pleading. The court finds that KTC's failure to file a responsive pleading was not willful considering plaintiffs' expressed desire to resolve the litigation without the need to proceed further with its lawsuit, the diligence of KTC's counsel in monitoring the docket for indications that plaintiffs were in fact proceeding with the lawsuit, and KTC's prompt action once it learned that its legal department had overlooked the receipt of the summons and complaint.

> FN4. The court cites the affidavit rather than KTC's appendix because, as it explains *infra* at note 6, KTC (and plaintiffs) have failed to follow the local civil rules in briefing these motions.

Second, setting aside the default will not unfairly prejudice plaintiffs. "The mere fact that setting aside the default will delay [their] recovery or require that [they] litigate [their] claims is insufficient." *Cordua Rests. L.P. v. Uptown Dining, Inc*., 2005 U.S. Dist. LEXIS 19666, at *5 (N.D. Tex. Sept. 9, 2005) (Fitzwater, J.) (citing *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir.1985)). Plaintiffs obtained the default on February 28, 2006. KTC filed its motion *that very day*. KTC has agreed to waive service under Rule 4(d), so the issue of service is resolved.

Third, KTC has a meritorious defense based on its claims that Verity is using its intellectual property.

C

*3 Plaintiffs request that the court require KTC to reimburse them for their costs and attorney's fees. The court denies the request.

First, the court has merely assumed *arguendo* that KTC lacks any merits-based grounds for setting aside

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the default. This approach has enabled the court to resolve these motions more facilely and promptly by avoiding addressing whether service was effective under California law. But it has also subjected KTC to the possibility of paying attorney's fees and costs as a condition of granting relief from the entry of a default that arguably was substantively unwarranted due to the absence of proper service. Under these circumstances, the court declines to make an award of costs and attorney's fees.

Second, this is a case that arguably should not have resulted in plaintiffs' seeking a default in the first place. When plaintiffs filed suit, they sent KTC a courtesy copy of the complaint and expressed the desire to resolve the controversy without further litigation. There is no indication in the record that KTC ignored the request, engaged in substantial delay, or filed its own lawsuit in an attempt to forum shop, leaving plaintiffs no other reasonable choice than to proceed in earnest with prosecuting the case. Having once extended to KTC the courtesy of advising it that they had filed suit, it is questionable why plaintiffs did not extend a similar courtesy once they decided to effect service and prosecute the case.[FN5]

> FN5. KTC also requests an award of attorney's fees. It has not explained the legal grounds for the court to make such an award, other than that KTC has been required to expend time preparing a motion to have an improper default set aside. The court denies the request.

II

Because the court has granted KTC's motion to set aside entry of default and to set deadline to answer, move, or otherwise respond to plaintiffs' complaint, the court denies plaintiffs' motion for entry of default judgment.

The court grants KTC's February 28, 2006 motion to set aside entry of default and to set deadline to answer, move, or otherwise respond to plaintiffs' complaint. It denies plaintiffs' February 27, 2006 motion for entry of default judgment. The default entered by the clerk of court on February 28, 2006 is vacated. KTC is ordered to answer, move, or otherwise respond to plaintiffs' complaint no later than May 1, 2006.[FN6]

> FN6. The court expects the parties to comply with the local civil rules of this court in briefing further motions. In the motions decided today, for example, the evidence that plaintiffs submitted in support of their motion for default judgment, and by KTC in its response, was not included in an appendix, as required by N.D. Tex. Civ. R. 7.1(i)(1), and neither side's brief cited the appendix in the manner required by Rule 7.2(e). Additionally, none of plaintiffs' documents complied with Rule 10.1(e) in that none was stapled in the upper, left-hand corner or secured with a durable fastener at the top.

SO ORDERED.

N.D.Tex.,2006.
Verity Instruments, Inc. v. KLA-Tencor Corp.
Slip Copy, 2006 WL 929235 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1856893 (Trial Pleading) Plaintiffs' Reply to Defendant's Counterclaims (May 18, 2006) Original Image of this Document (PDF)
• 2006 WL 1433606 (Trial Pleading) KLA-Tencor Corporation's Answer, Counterclaims and Application for Injunctive Relief (Apr. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 1433605 (Trial Motion, Memorandum and Affidavit) Reply in Support of Plaintiffs' Motion for Entry of Default and Default Judgment (Apr. 4, 2006) Original Image of this Document (PDF)
• 2006 WL 1033907 (Trial Motion, Memorandum and Affidavit) Defendant Kla-Tencor Corporation's Response to Plaintiffs' Motion for Entry of Default and Motion for Default Judgment and Reply in Support of its Motion to Set Aside Entry of Default (Mar. 20, 2006) Original Image of this Document (PDF)
• 2006 WL 425503 (Trial Pleading) Complaint (Jan. 3, 2006) Original Image of this Document with Appendix (PDF)
• 3:06cv00005 (Docket) (Jan. 3, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.