IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC., | § | |
| D/B/A SOUTHWEST WHEEL COMPANY, | § | |
| AND D/B/A ETRAILERPART.COM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3-06-CV2084-P |
| | § | -ECF |
| vs. | § | |
| | § | |
| BROPFS CORPORATION, | § | |
| D/B/A ETRAILER.COM, | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED RESPONSE AND
OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE
<u>ENTRY OF DEFAULT AND BRIEF IN SUPPORT</u>**

Pieter J. Tredoux
(Member of the New York Bar)
901 Main Street
Suite 6300
Dallas, Texas 75202
214-712-9291 – [telephone]
214-712-5690 – [telecopier]

and

Scott T. Griggs
State Bar No. 24032254
Dennis T. Griggs
State Bar No. 08488500
Griggs Bergen LLP
Bank of America Plaza
901 Main Street
Suite 6300
Dallas, Texas 75202
214-653-2400 – [telephone]
214-653-2401 – [telecopier]

CO-COUNSEL FOR PLAINTIFF

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ...................................................................................................... iii

PROCEDURAL HISTORY AND RELEVANT FACTS ............................................................ 1

THE CLERK OF COURT PROPERLY ENTERED
A DEFAULT AGAINST DEFENDANT ..................................................................................... 6

DEFENDANT'S MOTION TO SET ASIDE ENTRY
OF DEFAULT SHOULD BE DENIED ........................................................................................ 8

(A)   DEFENDANT HAS NOT SHOWN THAT ITS FAILURE
        TO FILE AN ANSWER WAS DUE TO EXCUSABLE NEGLECT .............................. 9
(B)   DEFENDANT HAS NOT PRESENTED A MERITORIOUS
        DEFENSE TO THE CLAIMS OF PLAINTIFF'S COMPLAINT .................................. 13
(C)   SETTING ASIDE THE DEFAULT
        WOULD PREJUDICE PLAINTIFF .............................................................................. 17

PRAYER ....................................................................................................................................... 18

CERTIFICATE OF SERVICE .................................................................................................... 20

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Holzapfel's Compositions Co. v. Rahtjen's American Composition Co.*,
183 U.S. 1, 22 S. Ct. 6 (1901) ................................................. 14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 113 S.Ct. 1489 (1993) .................. 9

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S. Ct. 2753 (1992) ........................... 14

## Fifth Circuit Cases

*Baez v. S.S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975) ................................................. 11

*CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir. 1992) ................................... 10

*Davis v. Safeway Stores, Inc.*, 532 F.2d 489 (5th Cir. 1976) ........................................ 11

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) .................................................... 8, 13

*Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002) .................................................... 10

## Other Federal Circuits

*Al-Torki v. Kaempen*, 78 F.3d 1381 (9th Cir. 1996) ...................................................... 8

*Brookfield Communications v. West Coast Entertainment Group*,
174 F.3d 1036 (9th Cir. 1999) ........................................................................ 15

*Cody v. Mello*, 59 F.3d 13 (2d Cir. 1995) ................................................................ 8

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) .................................... 8, 13

*Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*,
1987 F.3d 1143 (9th Cir. 1999 ......................................................................... 14

*Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 1987) ............................................... 11

*In re Martin-Trigona*, 763 F.2d 503 (2d Cir. 1985) ....................................................... 8

*Johnson v. Gudmundsson*, 35 F.3d 1104 (7th Cir. 1994) .............................................. 10

- iii -

*Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*,
175 F. 3d 266 (2d Cir. 1999)..........................................................................14

*Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167 (2d Cir. 2001) .........................................13, 16

*Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990..............................11

*Roux Laboratories, Inc. v. Clairol, Inc.*,
427 F.2d 823, 166 U.S.P.Q. 34 (C.C.P.A. 1970) ........................................14

*Sony Corp. v. Elm Street Electronics, Inc.*, 800 F.2d 317 (2d Cir. 1986)...............................8, 13

*SEC v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ..........................................13

*Surgicenters of Am., Inc. v. Medical Dental Surgies, Co.*,
601 F. 2d 1011 (9th Cir. 1979).....................................................................14, 16

*Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 59 v. Superline
Transp. Co., Inc.*, 953 F.2d 17 (1st Cir. 1992) ..........................................17

**Federal District Court Decisions**

*Academy of Model Aeronautics, Inc. v. Sport Flyers of America*,
Case No 3:98-CV-2401-T, (N.D. Tex. 1999) ..........................................4, 6

*America Online, Inc. v. AT&T Corp.*, 64 F. Supp. 2d 549 (E.D. Va. 1999) ........................14, 16

*Artmatic USA Cosmetics v. Maybelline Co.*,
906 F. Supp. 850 (E.D.N.Y. 1995) ...........................................................8

*International Transactions, Ltd.*, **v.** *Embotelladora Agral Regionmontana Sa De Cv, et al.*,
277 F. Supp.2d 654 (N.D. Tex. 2002)..........................................................6

**Texas Cases**

*Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App. - Austin 1987, writ ref'd n.r.e.).................4, 6

*MOK, v. Dunkin' Donuts*, No. 05-92-02557-CV,
1993 WL74740 (Tex.App.-Dallas) ...........................................................6

*Whitney v. L. & L Realty*, 500 S.W.2d 94 (Tex. 1973) ..........................................4, 6

## Decisions of Other States

*Attorney Grievance Comm'n v. Kemp*, 335 Md. 1, 17 (1994) ...................................................... 12

*Office of Disciplinary Counsel v. Freeman*,
51 Ohio St.3d 98, 554 N.E.2d 1320 (1990) ................................................................................. 12

## Other Decisions

*Continental Airlines Inc. v. United Air Lines Inc.*,
53 U.S.P.Q.2d 1385, 1999 WL 1421649 (T.T.A.B. 2000) ........................................................ 15

*In re Styleclick.com Inc.*, 57 U.S.P.Q.2d 1445,
2001 WL 15915 (T.T.A.B. 2000) ................................................................................................ 15

*Jewelry.com v Idealab!*, FA 95242 (Nat. Arb. Forum September 1, 2000) ........................... 15, 16

## Federal Statutes

15 U.S.C. §1052(a) ..................................................................................................................... 14

15 U.S.C. §1052(e), (f).............................................................................................................. 14

## Federal Rules

Fed R. Civ. Proc 5(b) ................................................................................................................ 4, 7

Fed R. Civ. Proc 5(b)(2)(D) ..................................................................................................... 4, 7

Fed R. Civ. Proc 6(e) ............................................................................................................. 4, 6, 7

Fed R. Civ. Proc 12 ................................................................................................................... 4, 6

Fed R. Civ. Proc 55(a) ................................................................................................................. 5

Fed R. Civ. Proc 55(b)(2)............................................................................................................ 11

Fed R. Civ. Proc 55(c) ................................................................................................................. 8

Fed R. Civ. Proc 60(b) ..................................................................................................... 8, 10, 11

*2001 Advisory Committee Notes to Rule 5,*
*Amendments to Federal Rules of Civil Procedure* ................................................................... 4, 7

**Texas Statutes**

The Texas Long-Arm Statute ..................................................................................... 6, 7

**Texas Rules**

Tex. Disciplinary R. Prof. Conduct ............................................................................. 12

**Other Rules**

ICANN Uniform Domain-Name Dispute Resolution Policy ......................................... 2

ICANN Rules for Uniform Domain Dispute Resolution
Policy (October 24, 1999), ¶¶ 2(b), 5(b)(vi) and (vii).................................................. 2

WIPO Supplemental Rules for Uniform Domain
Name Dispute Resolution Policy, ¶ 3 .......................................................................... 2

**Other Authorities**

*Restatement (Third) of Unfair Competition*, §15 (2006) ............................................ 14

*United States Patent and Trademark Office, Examination Guide 2-99, Part I,
Marks Composed in Whole or in Part, of Domain Names (September 29, 1999)* ....................... 15

McCarthy, J. Thomas, *McCarthy on Trademarks and Unfair Competition*,
4th Ed. § 12:37. .......................................................................................................... 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| DVH COMPANIES, INC., | § | |
| D/B/A SOUTHWEST WHEEL COMPANY, | § | |
| AND D/B/A ETRAILERPART.COM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3-06-CV2084-P |
| | § | -ECF |
| vs. | § | |
| | § | |
| BROPFS CORPORATION, | § | |
| D/B/A ETRAILER.COM, | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED RESPONSE AND
OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE
ENTRY OF DEFAULT AND BRIEF IN SUPPORT**

Plaintiff, DVH Companies, Inc., d/b/a Southwest Wheel Company, and d/b/a
etrailerpart.com ("Plaintiff"), files this Response and Opposition to Defendant's Motion to
Set Aside Entry of Default, filed in this case on December 15, 2006[1], and, in support thereof,
will respectfully show the Court:

**I.   Procedural History and Relevant Facts**

1.      On October 11, 2006, Defendant Bropfs Corporation, d/b/a etrailer.com,
("Defendant") submitted a Complaint to the World Intellectual Property Organization

---

[1]      Pursuant to the Stipulation Pertaining to Defendant's Motion to Set Aside Entry of Default
and Original Answer and Counterclaim, entered into by Plaintiff and Defendant in this case on
December 26, 2006 (Document No. 17), this Opposition and Response further constitutes a Reply
to Defendant's Opposition to Plaintiff's Motion for Entry of Default Judgment (Document No. 14).

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO
DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 1**

("WIPO") pursuant to the Uniform Domain-Name Dispute Resolution Policy ("UDRP") promulgated by the Internet Corporation for Assigned Names and Numbers ("ICANN"), requesting that Plaintiff's Registrar be directed to transfer the registration for the domain etrailerpart.com owned and operated by Plaintiff to Defendant.   The Complaint was assigned Case No. D2006-1318 (the "WIPO Complaint").

2.      On or about November 9, 2006, Plaintiff filed its Complaint for Declaratory Judgment and Cancellation of Trademark (the "Complaint") in this case.  (Docket No.[2] 1)

3.      On or about November 13, 2006, Plaintiff served a file-marked copy of the Complaint on Cathy J. Futrowsky, counsel for Defendant in the WIPO Complaint[3] as part of its Response to the WIPO Complaint pursuant to Paragraphs 2(b), and 5(b)(vi) and (vii) of the ICANN Rules for Uniform Domain Dispute Resolution Policy (October 24, 1999), and Paragraph 3 of the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy. *Affidavit of Scott T. Griggs* (the "Griggs Affidavit "), ¶ 3; *Affidavit of Pieter Tredoux* (the "Tredoux Affidavit "), ¶ 4

4.      During the period November 14, 2006, through November 17, 2006, Plaintiff's counsel conferred with Ms. Futrowsky on a few occasions. *Griggs Affidavit*, ¶ 4; *Tredoux Affidavit*, ¶ 5 The parties exchanged settlement offers, and counsel for Plaintiff requested that Ms. Futrowsky agree to accept service for the Defendant in this matter. *Id.*

---

[2]      References to the Docket in this case are to the equivalently numbered documents on the docket maintained by the Clerk of Court pursuant to the Court's Case Management/Electronic Filing System.

[3]      Ms. Futrowsky is Of Counsel to Patton Boggs LLP, Defendant's counsel in this litigation.

---

Ms. Futrowsky responded that she was not authorized to accept service, and that Plaintiff needed to "do what it had to do" in this regard. *Id.*   Plaintiff's counsel informed Ms. Futrowsky that Plaintiff would immediately proceed to obtain service on the Defendant, by serving the Texas Secretary of State pursuant to the requirement of the Texas Long-Arm Statute. *Id.*

5.      Plaintiff's counsel continued to communicate with Ms. Futrowsky in an exchange of settlement proposals, from November 17, 2006, through November 29, 2006. *Griggs Affidavit*, ¶ 5; *Tredoux Affidavit*, ¶ 6 The communications occurred on the telephone as well as via e-mail. *Id.*   At no time did Ms. Futrowsky request that Plaintiff apprise her of the status of the service on her client, or request that they inform her prior seeking the entry of default against Defendant. *Id.*

6.      On or about November 21, 2006, counsel for Plaintiff caused a copy of the Summons, Complaint, Civil Fling Notice and Standing Order Designating Case for Enrollment in the Electronic Case Files "ECF" System in this case, to be served in person on the Texas Secretary of State pursuant to the requirement of the Long-Arm Statute. (Docket No.'s 2, 6, 7)

7.      On or about December 1, 2006, the Texas Secretary of State again notified Defendant of this lawsuit by delivering a copy of the Summons and Complaint to the Defendant via United States Certified Mail Return Receipt Requested, addressed to the Defendant at its home office, pursuant to the further requirements of the Long-Arm Statute.  (Docket No. 7)

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO
DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 3**

8.      On or about December 4, 2006, the Defendant received a further copy of Summons and Complaint from the Texas Secretary of State and signed the Return Receipt, as evidence thereof.  *Id.*

9.      From November 13, 2006, until December 11, 2006, the date its answer was due, Defendant apparently failed to employ counsel to represent it in this lawsuit, although it had been served with a copy of the Complaint through operative legal process on two occasions during this period of time.

10.      Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant was obligated to file an answer to the Complaint no later than December 11, 2006[3].  *See Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Whitney v. L. & L Realty*, 500 S.W.2d 94, 96 (Tex. 1973); *Academy of Model Aeronautics, Inc. v. Sport Flyers of America*, Case No 3:98-CV-2401-T, United States District Court, Northern District of Texas, Dallas Division.

11.      From November 22, 2006, to December 12, 2006, Plaintiff's counsel received no communication at all from Ms. Futrowsky, or any attorneys advising them that they represent the Defendant in this matter. *Griggs Affidavit*, ¶ 5, 6; *Tredoux Affidavit*, ¶ 6,

---

[3]   Defendant contends that it was afforded an additional three (3) days to file its answer pursuant to Rule 6(e) of the Federal Rules of Civil Procedure.  The argument, however, ignores the fact that the provision of Rule 6(e), which Defendant relies upon for this contention, was only inserted by the Supreme Court, effective in 2001; to allow a defendant additional time to respond when service is made under Rule 5(b)(2)(D), which was first inserted at the time of the amendment to Rule 6(e) and is not applicable to constructive service on the Defendant through the Secretary of State under the Long-Arm Statute.  *See Fed. R. Civ. P. 5(b); 2001 Advisory Committee Notes to Rule 5, Amendments to Federal Rules of Civil Procedure*, ___ F.R.D. ___ (2001).

7  Indeed, it was not until December 14, 2006, when the firm of Patton Boggs LLP filed Defendant's Original Answer and Counterclaim (the "Answer") on behalf of Defendant in this matter, after the Default had already been entered, that Plaintiff's counsel became aware that Patton Boggs LLP was representing Defendant in this matter[4]. *Id.*

12.     At 4:19 p.m., on December 12, 2006, the Clerk of Court entered a Default against Defendant for its failure to plead, respond, or otherwise defend this case, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (the "Default"). (Docket No. 9)

13.     At 5:17 p.m. on December 14, 2006, Defendant filed its Answer, without leave of Court first having been obtained.  (Docket No. 11)

14.     Defendant does not contest this Court's jurisdiction over its person in this case. *Answer* ¶ 6

---

[4] After Patton Boggs LLP apparently was employed on December 12, 2006, Talcott J. Franklin, attempted to contact Scott T. Griggs, one of the attorneys representing Plaintiff in this action, in the afternoon, on December 12, 2006. *Affidavit of Talcott J. Franklin* (the "Franklin Affidavit"), ¶ 4; *Griggs Affidavit*, ¶ 7; *Affidavit of April D. Barney* (the "Barney Affidavit"), ¶ 3   He spoke to a legal secretary who had been employed by Mr. Griggs for approximately 3 weeks, and had never worked in any capacity for an attorney or law firm before. *Griggs Affidavit*, ¶ 7; *Barney Affidavit*, ¶ 2   He told her that he was calling regarding "Southwest Wheel", but did not elaborate about the reason for the call. *Id.* On the morning of December 13, 2006, Mr. Griggs asked his new employee to call Mr. Franklin, and advise him that he would return Mr. Franklin's call that afternoon. *Griggs Affidavit*, ¶ 7; *Barney Affidavit*, ¶ 3   Mr. Franklin, told the employee that he would be on an airplane, and not available to speak to Mr. Griggs, until he returned from his trip, but, once again, did not elaborate about the reason for his call. *Barney Affidavit*, ¶ 3   Mr. Griggs nevertheless returned Mr. Franklin's call that afternoon. *Griggs Affidavit*, ¶ 8   Mr. Franklin, however, did not attempt to contact Pieter Tredoux, lead counsel for Plaintiff, or notify Griggs Bergen LLP or Mr. Tredoux, via e-mail, fax, or otherwise, of his employment, until after he filed the Answer in this case, at 5.17 p.m. on December 14, 2006. *Tredoux Affidavit*, ¶ 8

## II.

### The Clerk of Court Properly Entered
### A Default Against Defendant

15.    Pursuant to Rule 12 of the Federal Rules of Civil Procedure a defendant must file an answer within twenty (20) days after service of the Summons and Complaint. When service is made on the Secretary of State pursuant to the Texas Long-Arm Statute, the defendant's time to answer starts when service is made on the Secretary of State.  *See Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Whitney v. L. & L Realty*, 500 S.W.2d 94, 96 (Tex. 1973); *Academy of Model Aeronautics, Inc. v. Sport Flyers of America*, Case No 3:98-CV-2401-T, United States District Court, Northern District of Texas, Dallas Division.  Service of process on the Secretary of State in this manner constitutes constructive service on the nonresident defendant.  *Bonewitz*, 726 S.W.2d, at 230.

16.    The Secretary of State was served with a copy of the Summons and Complaint on November 21, 2006. Accordingly, Defendant's Answer was due on December 11, 2006, and the Clerk of Court properly entered the default on December 12, 2006.  *See International Transactions, Ltd., v. Embotelladora Agral Regionmontana Sa De Cv, et al*., 277 F. Supp.2d 654, 672 fn 1**7**; *MOK, v. Dunkin' Donuts*, No. 05-92-02557-CV, 1993 WL74740 (Tex.App.-Dallas)

17.    Defendant contends that it was afforded an additional three (3) days to file its answer pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, which provides:

---

> Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the period would otherwise expire under subdivision (a).

The referenced provisions of Rule 5(b)(2), provide in pertinent part:

> **Rule 5. Service and Filing of Pleadings and Other Papers.**
> ……….
> (b) Making Service……..
> (B) Mailing a copy to the last known address of the person served…….
> (C) If the person served has no known address, leaving a copy with the clerk of the court.
> (D) *Delivering a copy by any other means*, including electronic means, *consented to in writing by the person served*…… (emphasis added)

None of the methods of service reference in Rule 6(e) includes constructive service on the Defendant through the Secretary of State, pursuant to the provisions of the Texas Long-Arm Statute.  Indeed, Rule 5(b)(2)(D), upon which Defendant specifically relies upon for this contention, was only inserted by the Supreme Court, effective in 2001.  *See Fed. R. Civ. P. 5(b); 2001 Advisory Committee Notes to Rule 5, Amendments to Federal Rules of Civil Procedure*, ___ F.R.D. ___ (2001).  Rule 6(e) was amended at the same time, to allow a defendant the additional time to respond when service is made by *delivering a copy by any other means, including electronic means, consented to in writing by the person served*, under Rule 5(b)(2)(D). *Id.*  This manner of service on its face, does not include constructive service on the Defendant through the Secretary of State.

---

## III.

### Defendant's Motion to Set Aside Entry
### of Default Should be Denied

18.     Under Rules 55(c) and 60(b), of the Federal Rules of Civil Procedure, courts typically consider three factors in deciding whether to set aside a default judgment: (1) the defaulting party's conduct in connection with the default; (2) whether the defaulting party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-85 (9th Cir. 1996); *Cody v. Mello*, 59 F.3d 13, 16 (2d Cir. 1995).   The burden of proof rests with the defaulting party. *In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985); *Artmatic USA Cosmetics v. Maybelline Co.*, 906 F. Supp. 850, 853-54 (E.D.N.Y. 1995).

19.     On the one hand, defaults are disfavored, and doubts must be exercised in favor of the defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). On the other hand, there is a "competing interest in maintaining an orderly efficient judicial system in which default is a useful weapon for enforcing compliance with the rules of procedure." *Sony Corp. v. Elm Street Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986) (internal quotation marks omitted).

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO
DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 8**

(a)      Defendant Has Not Shown That Its Failure
 to File An Answer Was Due to Excusable Neglect

20.      In considering whether the defaulting party's conduct in failing to timely respond is excusable, the courts turn to the excusable neglect standard set forth by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497 (1993).

21.      In explaining Defendant's failure to timely file an Answer in this case, Talcott J. Franklin states in his Affidavit that he was approached for the first time to represent the Defendant in this case on December 11, 2006. *Franklin Affidavit*, ¶ 2  Mr. Franklin further states that he was informed by email that the Answer date was December 26, 2006. *Franklin Affidavit*, ¶ 2  Mr. Franklin does not disclose the author of the email, or the basis for the belief that the Answer date was December 26, 2006.  Mr. Franklin further states that the complaint was transmitted to him for the first time on December 12, 2006, the day after Defendant's Answer was due in this case.  *Franklin Affidavit*, ¶ 3  Mr. Franklin provides no detail as to the source of the Complaint or any explanation why the Defendant (who by this time was served with a copy of the Complaint on two (2) occasions, initially November 13, 2006, as part of Plaintiff's response to the WIPO Complaint, and again on November 21, 2006, by service on the Texas Secretary of State) apparently took no steps for almost an entire month to employ counsel to represent it in this action.

_____

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO**
**DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 9**

22.     Cathy J. Futrowsky, in her Affidavit (the "Futrowsky Affidavit") also provides no explanation for Defendant's lack of diligence in this regard. Indeed, Ms. Futrowsky provides the court with no explanation as to any diligent efforts undertaken by the Defendant to respond to the Complaint, and employ counsel to file an Answer on its behalf.

23.     Mr. Franklin and his Associates, Shana L. Burleson and Shannon W. Conway, state that the Associates at Patton Boggs LLP first conducted research on December 12, 2006, to determine Defendant's Answer date in this case, and concluded that it was afforded twenty three (23) days, and not twenty (20) days, from the date of service on the Secretary of State to file an Answer.  For the reasons stated in Paragraphs 15-17 supra, this research was in error, and errors as to the law are held not to constitute excusable neglect. *See Teemac v. Henderson*, 298 F.3d 452, 458 (5th Cir. 2002) Furthermore, as it was undertaken for the first time after the Answer was already due, the research provides no reasonable basis or excuse for not filing an Answer in the time required by law.

24.     Courts often expressly refuse to vacate default judgments occurring as a result of attorney carelessness.  *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) ("The touchstone of our analysis has been 'excusable neglect,' meaning that we will grant relief only 'where the actions leading to the default were not willful, careless, or negligent.'"); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (focus on "neglect or culpable conduct . . . more consistent with rule 60(b)" than focus on

"willful[ness]"); *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir. 1976) (*per curiam*) (failure of insurance company to communicate with defendant three weeks after receiving copy of complaint suggests "absence of minimal internal procedural safeguards" and is not excusable neglect); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) (delay due to numerous forwardings not excusable neglect), *cert. denied*, 425 U.S. 904, 96 S. Ct. 1495 (1976); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537-38 (11th Cir. 1987) (misplacement of complaint by mail clerk not excusable neglect). The Tenth Circuit has also stated that "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)," (The party failed to provide any explanation for its previous lawyer's failure to answer the motion to dismiss.) *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)

25.     Defendant instead attempts to shift the blame, for its lack of diligence on Plaintiff's counsel.  Defendant, by implication attempts to expand the duties imposed on Plaintiff under the under the Federal Rules of Civil Procedure in requesting the Default.  In this regard, Rule 55(b)(2) merely requires that:

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

26.     As it was required, Plaintiff served Ms. Futrowsky with a copy of it's Motion of Default Judgment by certified mail.  The pleading was received by her law firm on December 16, 2006.  Plaintiff's counsel further complied with their obligations under

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 11**

the under the Federal Rules of Civil Procedure, and the Texas Lawyer's Creed, by serving Defendant with a copy of the Summons and Complaint on two (2) occasions. Indeed, Plaintiffs counsel requested that Ms. Futrowsky accept service on behalf of the Defendant in this case to reduce cost of expense involved and stream line the procedures for Defendant in this case, but Defendant refused. *Griggs Affidavit*, ¶ 4; *Tredoux Affidavit*, ¶ 5 Plaintiff's counsel further made it clear to Ms. Futrowsky that Plaintiff would expediously obtain service on the Secretary of State of Texas, and expects that Defendant strictly adhere to its obligations under the Federal Rules of Civil Procedure in responding to the Complaint. *Id.* Ms. Futrowsky's response to the plaintiff was: "Do what you have to do". *Id.*

27. Indeed, under the Texas Disciplinary Rules of Professional Conduct, Plaintiff's counsel are obligated to represent their client with competence and diligence. *Tex. Disciplinary R. Prof. Conduct*, (1989), Rule 1.01, reprinted in Tex. Govt Code Ann., tit. 2, subtit. G, app. (Vernon Supp. 1995) Under the Rules of Professional Conduct, the failure to pursue the entry of a default properly and with diligence could be considered negligence. *See Attorney Grievance Comm'n v. Kemp*, 335 Md. 1, 17 (1994); *Office of Disciplinary Counsel v. Freeman*, 51 Ohio St.3d 98, 554 N.E.2d 1320 (1990)

28. Through the WIPO proceeding, Ms. Futrowsky became familiar the telephone numbers and email addresses of the Plaintiff's lead counsel Pieter Tredoux, and his co-counsel, Scott Griggs. *Id.* At no time during the period November 13, 2006 through December 11, 2006 did Ms. Futrowsky contact Plaintiff's counsel to obtain clarification of

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 12**

Defendant's Answer date in this case, or to seek an extension from them in this regard. *Id.* Furthermore, neither Ms. Futrowsky nor Patton Boggs informed Plaintiff's counsel that Defendant had employed Patton Boggs to represent it in this matter prior to the entry of Default, on December 12, 2006. *Id.*

29.     Defendant has therefore failed to show that its failure to timely file an Answer in this case was due to excusable neglect.

> (b)     Defendant Has Not Presented a Meritorious Defense
> to the Claims of Plaintiff's Complaint

30.     Even in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court can deny a request to vacate a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party. *See Lacy*, 227 F.3d at 293; *Sony Corp.*, 800 F.2d at 320 ("good cause" not shown where defaulting party "failed to demonstrate that it possessed a meritorious defense").

31.     The defendant "must present evidence of facts that, if proven at trial, would constitute a complete defense." *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (internal quotation marks omitted); *accord Sony Corp.*, 800 F.2d at 320-21  Conclusory denials or statements, lacking factual support, are insufficient. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001); *Enron Oil Corp.*, 10 F.3d at 98; *Sony Corp.*, 800 F.2d at 320.

---

**PLAINTIFF'S FIRST AMENDED RESPONSE AND OPPOSITION TO
DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 13**

32.     Generic names or words are not subject to appropriation as trademarks at common law and are ineligible for registration under state and federal trademark statutes. *See* 15 U.S.C. §1052(a); *Roux Laboratories, Inc. v. Clairol, Inc.*, 427 F.2d 823, 166 U.S.P.Q. 34 (C.C.P.A. 1970); *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F. 3d 266 (2d Cir. 1999); *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 1987 F.3d 1143 (9th Cir. 1999); *Holzapfel's Compositions Co. v. Rahtjen's American Composition Co.*, 183 U.S. 1, 46 L. Ed. 49, 22 S. Ct. 6 (1901); *Restatement (Third) of Unfair Competition*, §15 (2006) *Restatement (Third) of Unfair Competition*, §15 (2006) Defendant contends that its mark and domain name is protectable, even if merely descriptive, because it has acquired secondary meaning.  However, courts have concluded that a generic word "cannot be validly registered as a trademark even if there is proof of secondary meaning." *Surgicenters of Am., Inc. v. Medical Dental Surgies, Co.*, 601 F. 2d 1011,1016 (9th Cir. 1979); *America Online, Inc. v. AT&T Corp.*, 64 F. Supp. 2d 549, 560-61 (E.D. Va. 1999).

33.     In addition, marks that immediately, and with some specificity, describe a feature, function, use, purpose, ingredient, or characteristic of the goods or services sold, are not capable of trademark protection, and are deemed merely descriptive. *See* 15 U.S.C. §1052(e), (f); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S. Ct. 2753, 2758 (1992), *reh'g denied*, 505 U.S. 1244, 113 S. Ct. 20 (1992)

34.     Defendant's mark consists of three components: the word "trailer", preceded by the letter or symbol "e", and ending in the domain indicator ".com".

---

35.     The term ".com" (as any other domain indicators) ads nothing to the distinctiveness of the designation of a trademark or service mark. *See United States Patent and Trademark Office, Examination Guide 2-99, Part I, Marks Composed in Whole or in Part, of Domain Names (September 29, 1999)*; *Brookfield Communications v. West Coast Entertainment Group*, 174 F.3d 1036 (9th Cir. 1999) (the term ".com" is generic for the Internet and adds nothing of trademark significance); *Jewelry.com v Idealab!,* FA 95242 (Nat. Arb. Forum September 1, 2000)

36.     The letter or symbol "e" is generic for electronic, and also adds nothing of trademark significance. "E" has accordingly become synonymous with the Internet, as has ".com". It is commonly recognized and understood as a indicating that the generic product is sold on the Internet, and ads noting of trademark significance. *Continental Airlines Inc. v. United Air Lines Inc.*, 53 U.S.P.Q.2d 1385, 1999 WL 1421649 (T.T.A.B. 2000); *In re Styleclick.com Inc.*, 57 U.S.P.Q.2d 1445, 2001 WL 15915 (T.T.A.B. 2000); McCarthy, J. Thomas, *McCarthy on Trademarks and Unfair Competition*, §§ 12:37: Abbreviations of generic terms, 4th ed. (Deerfield, IL: Clark Boardman Callaghan, 2003 - 2006)

37.     The word "trailer", is a generic name for Defendant's goods. The word clearly describes the central product or function of Defendant's services and no imagination is required of one encountering the services and the mark. Defendant simply cannot appropriate a word in the English language as its mark. The term should remain in the public domain for all to use in describing service activities of this kind. Furthermore,

the term "trailer", and the etrailer.com mark in which it is contained, is so descriptive of services and activities relating to trailers and trailer parts themselves, as to be incapable of ever becoming distinctive of those services, as consumers would not come to see the mark as indicating an association with Defendant as the origin of the goods or services. *See Surgicenters of Am., Inc. v. Medical Dental Surgies, Co*., 601 F. 2d 1011,1016 (9th Cir. 1979); *America Online, Inc. v. AT&T Corp*., 64 F. Supp. 2d 549, 560-61 (E.D. Va. 1999).

38.     In addition, a Registrant of a domain name consisting of an arguably generic term cannot not acquire any proprietary rights in the term comprising the domain name, and cannot preclude others from subsequently registering and using a domain name containing the same or a similar term to sell the same goods or services. *See Jewelry.com v Idealab!,* FA 95242 (Nat. Arb. Forum September 1, 2000)

39.     In response, Defendant presents no evidence to support meritorious defenses. Defendant merely refers the Court to its unverified Answer and Counterclaim on file in this case, without any specificity. In the Answer and Counterclaim (which does not constitute evidence) Defendant makes conclusory statements.

40.     This does not sufficiently raise a meritorious defense. *See Pecarsky*, 249 F.3d at 173 ("In connection with a motion to vacate default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense . . . The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence . . . would constitute a

_____

complete defense"); *Teamsters, Chauffeurs, Warehousemen and Helpers Union Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 21 (1st Cir. 1992).

41.    Defendant has therefore failed to show that it has a meritorious defense to the claims presented by Plaintiff's Complaint.


(c)    Setting Aside the Default would Prejudice Plaintiff

42.    As of the filing of the Complaint in this action, Plaintiff has spent at least in excess of $400,000.00, in establishing the etrailerpart.com domain as a premier source of quality towing and trailer parts, through a network of search engines, and other on-line marketing and referral tools.    Plaintiff is currently receiving approximately 6,800,000 views per year from consumers interested in its towing and trailer parts at the etrailerpart.com Web site.   The Southwest Wheel Mark and etrailerpart.com domain have become assets of considerable value to Plaintiff, and have and are generating significant towing and trailer parts sales and revenue for Plaintiff.   The filing of the WIPO Complaint, that precipitated the filing of this lawsuit, has created significant uncertainty for Plaintiff's business, which will be resolved by the Default Judgment.

43.    In addition, the absence of any defense to the Complaint presented by Defendant outweighs the any need for resolving the dispute over Plaintiff's etrailerpart.com domain and mark on the merits, because there is nothing to resolve. *See* ¶¶ 30-41, *supra*   Defendant's conclusory opposition fails to identify facts which, if proven, might constitute a meritorious defense to the claims presented by Plaintiff's Complaint. *Id.*

Vacating the default would serve no purpose, except to force the Plaintiff to incur significant additional costs and expense in conducting discover, and moving for summary judgment.

44.     Furthermore, Plaintiff has incurred at least Seven Thousand Dollars ($7,000.00) in attorney's fees and costs, in obtaining the Default and in the research and preparation of this Response, which will all be for naught, if the Default is vacated.


## IV.

## Prayer


WHEREFORE PREMISES CONSIDERED, DVH Companies, Inc., d/b/a Southwest Wheel Company, and d/b/a etrailerpart.com, Plaintiff, respectfully prays that Defendant's Motion to Set Aside Entry of Default, in all thing be denied, that the Court grant the relief prayed for in Motion for Entry of Default Judgment, and enter Judgment for Plaintiff and against Defendant accordingly, and that Plaintiff have and recover such other and further relief, legal and equitable, general and special, to which Plaintiff may show itself justly entitled.

DATED: January 10, 2007.

Respectfully submitted,

/s/ Pieter J. Tredoux_____
Pieter J. Tredoux
(Member of the New York Bar)
901 Main Street
Suite 6300
Dallas, Texas 75202
214-712-9291 – [telephone]
214-712-5690 – [telecopier]

and

Scott T. Griggs
State Bar No. 24032254
Dennis T. Griggs
State Bar No. 08488500
Griggs Bergen LLP
Bank of America Plaza
901 Main Street
Suite 6300
Dallas, Texas 75202
214-653-2400 – [telephone]
214-653-2401 – [telecopier]

CO-COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, the above and foregoing Plaintiff's Response and Opposition to Defendant's Motion to Set Aside Entry of Default, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Pieter J. Tredoux_____
Pieter J. Tredoux