IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC., <br> D/B/A SOUTHWEST WHEEL COMPANY, <br> AND D/B/A ETRAILERPART.COM, <br><br> Plaintiff <br><br> vs. <br><br> BROPFS CORPORATION <br> D/B/A ETRAILER.COM, <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 3-06CV2084-P |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO SET ASIDE ENTRY OF DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(c) and LCvR 7.1, Defendant Bropfs Corporation d/b/a etrailer.com ("Bropfs" or "Defendant") respectfully submits this Reply Memorandum in support of its Motion to set aside the Order of Default entered by the Clerk.

### PRELIMINARY STATEMENT

Ironically, Plaintiff untimely filed its Opposition advocating holding Bropfs in default. Plaintiff agreed to file its Opposition no later than January 4, 2007.[1] According to the ECF system and the file date on the Opposition, however, Plaintiff filed its Opposition on January 5, 2007.[2] Given that Plaintiff does not apply the maximum penalty to its untimely Opposition,[3]

---

[1] Stipulation Pertaining to Defendant's Motion to Set Aside Entry of Default and Original Answer and Counterclaim, Docket # 17, filed by Plaintiff on December 27, 2006.

[2] On January 10, 2007, Plaintiff received from Bropfs permission to file only amended tables of contents and authorities, see Stipulation (Docket # 20), but without explanation re-filed the entire Opposition with the amended tables, calling it a "First Amended Response and Opposition" (Docket # 21).

[3] See Nelson v. Star Enter., No. 99-30976, 2000 WL 960513, at *1 (5th Cir. June 15, 2000) ("the district court did not abuse its discretion in treating Star Enterprise's motion for summary judgment as unopposed in that the opposition was untimely filed.").

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 1**

Plaintiff's request to apply what Your Honor has called "a drastic remedy [...] resorted to by courts only in extreme situations"[4] against Bropfs loses all credibility.

More importantly, however, Plaintiff makes no effort to distinguish *Brown v. Bandai America, Inc.*, which calculated the answer date to be <u>23 days</u> after service on the Secretary of State.[5] There is no dispute that Bropfs filed its answer the 23rd day after such service.

Undeterred, Plaintiff seeks to have this Court sustain an entry of default obtained <u>one day</u> after Plaintiff claims the answer was due, even though Your Honor has found that seeking default <u>eight days</u> after the answer deadline "could be interpreted as constituting bad faith in seeking the default judgment."[6] This Court does not stand alone in this assessment:

> Snapping up a judgment [...] is a practice widely condemned by this and other Courts. Resisting a motion to vacate, where entry of default was secured without notice to opposing counsel on the first day after the time to answer had lapsed, is in the Court's view a practice inconsistent with the standards of professionalism which this Court desires and expects to be observed on the part of its officers in the bar. Conduct of this nature only reinforces stereotypical attitudes about the lawyer who plays "hardball" at any cost, and does precious little to promote the interests of the clients or integrity of the profession he has sworn to serve. This Court will not tolerate such conduct.[7]

Indeed, the District of Alaska <u>issued sanctions</u> for arguments and actions dramatically similar to those Plaintiff advances here.[8] Here, and in *Cox v. Nasche*, the plaintiffs: (a) filed complaints against out-of-state defendants that on their face contained obvious defenses to the claims asserted, (b) sought default immediately after they believed the answer was due, (c) knew the

---

[4] *Goldstein v. Gordon*, No. 200CV0022P, 2002 WL 324289, *2 (N.D. Tex. Feb. 27, 2002) (Solis, J.) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).

[5] No. 3-01-CV-0442-R, 2002 WL 1285265, at *3 n.4 (N.D. Tex. June 4, 2002) (Buchmeyer, J.); Def's Mem. 2-3.

[6] *Goldstein*, 2002 WL 324289, at *2 n.3 ("On June 28, 2000, a mere eight days after the expiration of the answer deadline, Plaintiff sought a default judgment against Defendant cheaters.com. This immediate action could be interpreted as constituting bad faith in seeking the default judgment.").

[7] *First Interstate Bank of Oklahoma v. Serv. Stores of Am.*, 128 F.R.D. 679, 680 (W.D. Okla. 1989).

[8] *Cox v. Nasche*, 149 F.R.D. 190, 192 (D. Alaska 1993).

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 2**

identity of counsel who represented defendant, (d) failed to provide opposing counsel notice of intent to seek default, (e) received an answer shortly after seeking default, (f) refused to set aside the default when asked, (g) filed voluminous memoranda supporting the default, (h) claimed "prejudice" based on fees expended pursuing the default, and (i) justified their behavior as malpractice avoidance. The court in *Cox* sanctioned these actions and arguments:

> I concluded that Doe and Roe should pay defendant's costs of setting aside the entry of default [...] because their [Rule] 55 proceedings were doomed from their inception and no competent lawyer could have believed that the Court would not, on application, set aside the default and require the matter to be litigated on its merits. It appeared that Doe and Roe were simply playing hardball in the hope of harassing their opponents and running up their costs with no real expectation that the motions they made would be sustained.[9]

Instead of providing legitimate justification for taking the default, Plaintiff simply confirms that: (1) Plaintiff knew Cathy Futrowsky represented Bropfs;[10] and (2) Plaintiff caused a default to be entered without first inquiring with Ms. Futrowsky about Bropfs' intention to proceed.[11] Indeed, Plaintiff's earliest attempt to notify Ms. Futrowsky of its intention to seek a default was when Plaintiff <u>mailed</u> the default motion the day <u>after</u> filing it, despite representing in the certificate of service that the motion was also served by email.[12] The entry of default was simply not consistent with the decisions of this Court, including *Dondi*.[13]

---

[9] *Id.* at 192. Lead counsel for Bropfs has never as lead counsel moved for sanctions and does not do so here, but is gravely disappointed that Plaintiff, after being provided with a copy of *Brown*, did not consent to setting aside the entry of default, Def's App. 7-8 (Franklin Decl. ¶ 7), particularly when Plaintiff's Opposition <u>does not even attempt</u> to distinguish *Brown* from this case. Despite our disappointment, we have and will continue to treat Plaintiff's counsel as we wish to be treated (*e.g.*, we agreed that Plaintiff need not answer the counterclaim until the Court rules on the default; we allowed Plaintiff to amend its tables of contents and authorities).

[10] Both Mr. Griggs and Mr. Tredoux were having settlement discussions with Ms. Futrowsky as late as November 29, 2006. Griggs Aff. ¶¶ 4, 5; Tredoux Aff. ¶¶ 5, 6.

[11] Griggs Aff. ¶ 6 ("After November 29, 2006, Griggs Bergen LLP received no communication at all from Ms. Futrowsky, or any attorneys advising the firm that they represent the Defendant in this matter, until the Clerk of Court entered a default judgment against Defendant on December 12, 2006.").

[12] Griggs Aff. ¶ 11; Def's App. 10 (Futrowsky Decl. ¶ 8).

[13] *Dondi Props. Corp. v. Commerce S&L Ass'n*, 121 F.R.D. 284, 296 (N.D. Tex. 1988); Def's Mem. 6, 9.

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 3**

## ARGUMENT

I. **Bropfs' Answer Was Timely Filed.**

Plaintiff simply ignores *Brown* and repeats its citation to the cases Bropfs distinguished,[14] none of which demonstrate that Bropfs untimely filed its Answer. *Brown*, which is on all fours with the facts here, states that the deadline to file a responsive pleading for a nonresident defendant served via the Secretary of State is "extended by three days under Rule 6(e) of the Federal Rules of Civil Procedure."[15] Accordingly, Bropfs timely filed its Answer and Counterclaims within 23 days of service on the Secretary of State.

Plaintiff's two additional cited cases are inapposite. In *Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA De CV*, Chief Judge Fish did not undertake a calculation of the responsive pleading deadline under the applicable rules, but merely cited to one of the parties' calculation of the response date in its briefing.[16] *MOK v. Dunkin' Donuts* is a Texas state court decision that does not discuss the Federal Rules of Civil Procedure.[17]

II. **The Court Should Set Aside the Entry of Default.**

    *A.  The Legal Standards Governing the Entry of Default vs. Default Judgment.*

Plaintiff does not contest that "the standard for setting aside a default decree [under 55(c)] is less rigorous than setting aside a judgment for excusable neglect under [60(b)]."[18]

---

[14] *Compare* Def's Mem. 3 (distinguishing *Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App.—Austin 1987, writ ref'd n.r.e.), *Whitney v. L&L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973), and *Academy of Model Aeronautics, Inc. v. Sport Flyers of America, Inc.*) *with* Pl's Opp. ¶ 15 (failing to address Defendant's analysis).

[15] 2002 WL 1285265, at *3 n.4. The language of Rules 5 and 6(e) support Judge Buchmeyer's calculation. Rule 6(e) provides a defendant an additional three days when served pursuant to Rule 5(b)(2)(B), (C) or (D). FED. R. CIV. P. 6(e). Plaintiff cites no case holding that service on the Secretary of State constitutes service under Rule 5(b)(2)(A). Consequently, such service falls under Rule 5(b)(2)(D) because it is service by "any other means".

[16] 277 F. Supp. 2d 654, 672 n.17 (N.D. Tex. 2002).

[17] No. 05-92-02557-CV, 1993 WL 74740 (Tex.App.—Dallas 1993, writ denied).

[18] *Brown*, 2002 WL 1285265 at *2 (quoting *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)).

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** – Page 4

Therefore, Plaintiff's citations, which concern the more rigorous standards under Rule 60(b), do not even apply to this motion.[19]

### B. The Court Should Vacate the Entry of Default.

#### 1. Bropfs' Default, If Any, Was Not Willful.

Plaintiff never distinguishes Bropfs' authority, including *Brown's* finding that the "precipitous action" of moving for default without meaningful notice "militates against a finding of willfulness".[20] Nor does Plaintiff deny that the Secretary of State waited nine days before forwarding the Complaint to Bropfs. Given that Plaintiff does not dispute that it is an open question in Texas "whether giving a non-resident defendant only thirteen days to file an answer violates due process",[21] it cannot be said that Bropfs did not act promptly in seeking to obtain counsel a mere <u>seven</u> days after receiving the Complaint from the Secretary of State, particularly when Defendant believed that the Answer was due the day after Christmas.[22]

---

[19] *See, e.g., Sony Corp. v. Elm State Elec.*, 800 F.2d 317, 320-21 (2d Cir. 1986) (affirming the district court's refusal to set aside default judgment and discussing application of the stricter "excusable neglect" standard rather than "good cause" standard of Rule 55(c)); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1992) (applying "excusable neglect" standard under Rule 60(b) in considering whether default judgment should have been set aside); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (finding that court's focus on "neglect or culpable conduct" is more consistent with Rule 60(b) in deciding whether to set aside default judgment); *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir. 1976) (*per curiam*) (affirming district court's refusal to set aside default judgment under Rule 60(b)); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) (same), *cert. denied*, 425 U.S. 904 (1976); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537-38 (11th Cir. 1987) (applying "excusable neglect" standard in affirming district court's refusal to set aside default judgment under Rule 60(b)); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (same). Furthermore, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, Pl's Opp. ¶ 20, the Supreme Court considered whether "an attorney's inadvertent failure to file a proof of claim by the bar date can constitute 'excusable neglect' within the meaning of [Bankruptcy] Rule 9006(b)(1)." 507 U.S. 380, 394 (1993). In any event, even were Rule 60(b) to apply here, the *Pioneer* court acknowledged that, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* Because Plaintiff has alleged no more than Bropfs' negligence, the stricter "excusable neglect" standard Plaintiff advances has been met here, too.

[20] Def's Mem. 6 (citing *Brown*, 2002 WL 1285265 at *5 n.8).

[21] Def's Mem. 5 (citing *Bonewitz*, 726 S.W.2d at 230 n.2).

[22] Plaintiff maintains that "[o]n or about December 4, 2006, the Defendant received a copy of the summons and complaint from the Texas Secretary of State", Pl's Mtn. ¶ 6, and Mr. Franklin was contacted regarding representing Defendant on December 11, 2006, seven days later. Def's App. 6 (Franklin Decl. ¶ 2).

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 5**

Further, Plaintiff does not deny that Patton Boggs *immediately contacted* Plaintiff's counsel, *immediately determined* the response deadline, *filed an answer* within a 23-day deadline calculated by a Judge of this Court, and *immediately moved* to set aside the Entry of Default upon discovering it.[23] As such, the facts demonstrate that Bropfs' default, if any, was not willful.

### 2.     *Plaintiff Will Not Suffer Prejudice.*

Rather than rebut Bropfs' showing that Plaintiff will not suffer prejudice, Plaintiff suggests that it will suffer prejudice because: (1) Plaintiff will have to prove its case; and (2) Plaintiff spent $7,000 in attorney's fees and costs in obtaining the default.[24]

Putting Plaintiff through the trouble of proving its case does not constitute prejudice.[25] Further, Plaintiff never denies that the "costs and expenses associated with this motion were entirely avoidable if Plaintiff's Counsel had called either [Mr. Franklin] or Ms. Futrowsky to determine whether or not Defendant intended to file an answer".[26] Plaintiff cannot claim prejudice due to its failure to follow a practice recommended by *Dondi*,[27] and Plaintiff cites no authority recognizing attorneys' fees in pursuing a default judgment as prejudice.[28] Indeed, the *Cox* court rejected this argument as "disturbing".[29]

---

[23] *See* Def's App. 6-7 (Franklin Decl. ¶¶ 3, 4).

[24] Pl's Opp. ¶¶ 42-44.

[25] *Lacy v. Sitel*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'") (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

[26] Def's App. 8 (Franklin Decl. ¶ 8).

[27] Def's Mem. 6 (citing *Dondi Props.*, 121 F.R.D. at 296).

[28] Pl's Opp. ¶ 44.

[29] *Cox v. Nasche*, 149 F.R.D. 190, 197 n.10 (D. Alaska 1993) ("It is disturbing that the only prejudice suggested by plaintiff is the attorney's fees generated [...] in seeking the entry of default, the entry of default judgment, and opposing the motion to set aside the default.").

Plaintiff also does not deny that Defense counsel asked Plaintiff to set aside the default and provided Plaintiff's counsel with a copy of *Brown*.[30] Plaintiff had an opportunity to correct the entry of default at that stage, but instead chose to oppose Bropfs' motion, a determination the *Cox* court characterized as "economic waste".[31]

### 3. *Bropfs Has Meritorious Defenses to the Complaint.*

Plaintiff spends a great deal of time making the legal argument that Bropfs' mark is generic,[32] yet Plaintiff's Complaint admits that Bropfs holds a registered trademark.[33] This fact alone demonstrates Bropfs has a meritorious defense against Plaintiff's Complaint:

> A certificate of registration of a mark upon the principal register provided by this Act shall be *prima facie evidence* of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.[34]

This is plainly evidence of facts that, if proven at trial, would constitute a defense to the cancellation claim.[35] In addition, Bropfs' Answer and Counterclaim, which Defense Counsel verified,[36] is far from "conclusory": it details among other things actual consumer confusion,

---

[30] Def's App. 7-8 (Franklin Decl. ¶ 7).

[31] *Cox*, 149 F.R.D. at 197 n.10 ("No reasonable attorney, acting in good faith, could apply these factors to this case and not conclude that [counsel's] actions amounted to economic waste.").

[32] Pl's Opp. ¶¶ 30-41.

[33] Complaint ¶ 3. Bropfs also pleads that it has a registered trademark. Answer ¶ 3; Counterclaim ¶ 8.

[34] 15 U.S.C. § 1057 (emphasis added).

[35] *See Cox*, 149 F.R.D. at 194 n.6 (upholding "meritorious defense [...] suggested by the complaint itself"). Moreover, Plaintiff's Complaint also admits the existence of an on-going dispute before the World Intellectual Property Organization ("WIPO") between the same parties on the same facts. Compl. ¶ 21.

[36] Def. App. 8 (Franklin Decl. ¶ 9).

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** - Page 7

which constitute defenses to the declaratory judgment claim for non-infringement and the unfair trade practices claim based on "unfounded allegations of infringement".[37]

### 4. Other Factors Support Setting Aside the Entry of Default.

This Court has noted that the three factors listed above "are not 'talismanic', and the Court may consider others."[38] Here, Plaintiff does not dispute that all of the other factors weigh in favor of setting aside the entry of default.[39]

Plaintiff sought a default the day after Plaintiff erroneously believed the answer was due. As Your Honor has noted, "when a party appears unduly anxious to win by default, the court may be generous toward the party moving for relief."[40]

Plaintiff counsel's excuses for failing to inform Ms. Futrowsky of their intent to seek a default are the suggestions that Ms. Futrowsky should have called them in anticipation of Plaintiff seeking a default, and that ethical and malpractice concerns warranted violating *Dondi*. However, the Code of Trial Conduct quoted in *Dondi* is clear: it puts the onus on the counsel seeking the default to first inquire about the opposing lawyer's intention to proceed.[41]

---

[37] Compl. ¶¶ 30, 38; *see First Interstate Bank of Oklahoma v. Serv. Stores of Am.*, 128 F.R.D. 679, 680 (W.D. Okla. 1989) ("Second, defendant has made affirmative defenses of breach of fiduciary duty and bad faith breach of contract. Defendant has also asserted a counterclaim for breach of contract and fiduciary duty. These are meritorious defenses which if successful, may defeat, diminish, or offset plaintiff's recovery. Further, if the entry of default is not vacated, defendant may be foreclosed from litigating its counterclaim. These reasons are more than sufficient to find that defendant has presented meritorious defenses.").

[38] *Goldstein*, 2002 WL 324289, at *2.

[39] Plaintiff does not respond to the section of Defendant's Memorandum addressing other factors. *See* Def's Mem. 8-9. Plaintiff makes no argument that Defendant failed to act expeditiously to correct the default. Nor does Plaintiff deny the significant amount of money involved or claim that Defendant acted in bad faith. Plaintiff also ignores Defendant's public policy arguments.

[40] *Goldstein*, 2002 WL 324289, at *2 n.3.

[41] Moreover, Mr. Franklin did call Plaintiff's counsel, but Mr. Griggs "did not have time to return the call" on December 12, 2006, Griggs Aff. ¶ 7, apparently because he was busy seeking a default against Bropfs that day. Even if Mr. Griggs was informed by his receptionist that Mr. Franklin was calling regarding "Southwest Wheel", Plaintiff never represents to this Court that Plaintiff's counsel believed Mr. Franklin was calling for any reason other

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** – Page 8

Furthermore, it is not malpractice to obey *Dondi*,[42] nor is it malpractice to avoid seeking a default judgment less than 23 days after service.[43] Neither of Plaintiff's out-of-state cases suggests that a lawyer must seek a default one day after the lawyer believes an answer is due, or that a lawyer breaches ethical duties by notifying opposing counsel of an intention to seek a default.[44] In contrast, the Alaska Supreme Court expressly found that failure to give notice of intent to seek default as local custom dictates violates DR 7-106(C)(5) of the Code of Professional Responsibility.[45] Plainly, courtesy and common sense are not unethical.

## CONCLUSION

Despite an eighteen-page Opposition, <u>Plaintiff never cites a single case</u> where a Court upheld an entry of default based on an alleged three-day delay in filing an answer, nor does Plaintiff distinguish *Brown*, an on-point decision from this Court showing that Bropfs' Answer was timely. For the foregoing reasons, and those previously set forth in Bropfs' Memorandum, Bropfs respectfully requests that the Court set aside the Clerk's Entry of Default.

---

than to discuss this case. Regardless of whether Mr. Griggs was justified in failing to return Mr. Franklin's call, however, Plaintiff offers no excuse for not informing Ms. Futrowsky of its intent to seek a default judgment.

[42] *See Cox*, 149 F.R.D. at 194 n.6 ("any action for malpractice against an attorney extending courtesy to her opponent would have to be brought under Alaska state law, and the Alaska Supreme Court has specifically condemned the very conduct committed by Doe and Roe in this case.").

[43] *Id.* ("I am unpersuaded by their argument that a lawyer risks a serious malpractice case if she does not default her adversary on the 23rd day after service by mail and within nine days of removal to federal court.").

[44] *See Attorney Grievance Comm'n v. Kemp*, 335 Md. 1 (1994); *Office of Disciplinary Counsel v. Freeman*, 51 Ohio St.3d 98, 554 N.E.2d 1320 (1990).

[45] *Valdez v. Salomon*, 637 P.2d 298, 299 n.1 (Alaska 1981) ("DR 7-106(C)(5) of the Code of Professional Responsibility requires that a lawyer not 'fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of his intent not to comply.' It appears that plaintiff's counsel violated this provision" by failing to follow a proscription similar to that quoted in *Dondi*). The New York Professional Disciplinary Rules contain the same language as DR 7-106(C)(5). NY PDR § 1200.37(c)(5).

<u>DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT</u> – Page 9

Dated: January 11, 2007

Respectfully submitted,

PATTON BOGGS LLP

/s/ Talcott J. Franklin
Talcott J. Franklin
State Bar No. 24010629
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Phone: (214) 758-1500
Fax: (214) 758-1550

OF COUNSEL:

Cathy J. Futrowsky
Gallop, Johnson & Neuman, L.C.
101 Constitution Avenue, N.W.
Suite 675 East
Washington, D.C. 20001
Telephone: (202) 682-0707

*Attorneys for Defendant/Counterclaim Plaintiff Bropfs Corporation d/b/a etrailer.com*

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing was served upon all counsel of record (listed below) by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(D), today, January 11, 2007.

| Pieter J. Tredoux<br>901 Main Street<br>Suite 6300<br>Dallas, Texas 75202<br>214-712-9291 (telephone)<br>214-712-5690 (telecopier) | Scott T. Griggs & Dennis T. Griggs<br>Griggs Bergen LLP<br>Bank of America Plaza<br>901 Main Street, Suite 6300<br>Dallas, Texas 75202<br>214-653-2400 (telephone)<br>214-653-2401 (telecopier) |
|---|---|

/s/ Talcott J. Franklin
Talcott J. Franklin

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT – Page 10**