IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC., § | | |
| D/B/A SOUTHWEST WHEEL COMPANY, § | | |
| AND D/B/A ETRAILERPART.COM, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| § | | 3:06-CV-2084-P |
| v. § | | |
| § | | |
| BROPFS CORPORATION, § | | |
| D/B/A ETRAILER.COM, § | | |
| § | | |
| Defendant. § | | |

## **ORDER**

Now before the Court is Plaintiff DVH Companies, Inc.'s ("DVH") Motion for Entry of Default Judgment, filed on December 12, 2006, and Defendant Bropfs Corporation's ("Bropfs") Motion to Set Aside Entry of Default, filed on December 15, 2006.[1]  After considering the briefing and the applicable law, the court GRANTS Defendant's Motion to Set Aside Entry of Default and DENIES Plaintiff's Motion for Entry of Default Judgment.

## I.  Procedural Background

Plaintiff DVH filed a complaint against Defendant Bropfs on November 9, 2006, seeking a declaratory judgment that its use of "etrailerpart.com" is lawful and requesting cancellation of Bropfs' trademark registration No. 2,906,248.  (Pl.'s Resp. ¶ 2.)  On November 21, 2006, DVH

---

[1] The parties stipulated that Plaintiff had until January 4, 2007 to file a Response.  (*See* Stip. to Def.'s Mot. Set Aside Default, Dec. 27, 2006.) Plaintiff filed a Response on January 5, 2007. Defendant filed a Reply on January 11, 2007.

served the Texas Secretary of State as the agent of Bropfs, pursuant to the Texas Long-Arm Statute.  On December 12, 2006, DVH moved for entry of default judgment against Bropfs, and the clerk of this Court entered the default against Bropfs pursuant to Rule 55(a) for failure to plead or otherwise defend in response to the complaint filed by DVH.  *See* Fed. R. Civ. P. 55 (2006).  On December 14, 2006, Bropfs filed its answer and counterclaim.  On December 15, 2006, Bropfs filed a Motion to Set Aside Entry of Default under Rule 55(c), asserting that the default was improperly entered.  *Id.*

## II.  Legal Standard

### A.  Time to Answer

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure requires that a defendant answer within twenty days after being served with a summons or complaint.  This Court has held that when a complaint is served on the Texas Secretary of State, this period is extended by three days under Rule 6(e).  *See Brown v. Bandai Am., Inc.*, No. 3-01-CV-0442-R, 2002 WL 1285265, at *2 n.4 (N.D. Tex. June 4, 2002).

### B.  Good Cause

Rule 55(c) states that "for good cause shown the court may set aside an entry of default."  Fed. R. Civ. P. 55.  Courts look to three factors when determining whether good cause exists: (1) whether the default was willful; (2) whether setting aside the judgment will prejudice the plaintiff; and (3) whether a meritorious defense is presented.  *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  Other factors may also be considered, such as whether the party acted expeditiously to correct the default.  *Id.*  Defaults are "generally disfavored in the law."  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

**III.   Analysis**

Bropfs' answer was not due until December 14, 2006, twenty-three days after the Texas Secretary of State was served with the complaint on November 21, 2006.  Bropfs timely filed its answer on December 14, 2006, before the expiration of the time to file a responsive pleading, and therefore was not actually in default at the time of the clerk's entry of default.  On this basis alone, the default should be set aside.

Even if the entry of default was technically correct, there is good cause to set it aside. Bropfs was under the mistaken impression that the deadline to respond was not until December 26, 2006.  (Franklin Decl. ¶ 2).   Once it became aware of its mistake, Bropfs took prompt action to file an answer.  (*Id.* ¶ 3).  Therefore, any failure to answer in time would not be willful.  *See Verity Instruments, Inc. v. Kla-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235 at *2 (N.D. Tex. April 10, 2006).  Also, DVH does not present any evidence that it would be prejudiced by the court setting aside the entry of default judgment beyond the inconvenience of proving its case and the expense incurred in moving for default judgment.  (Pl.'s Resp. ¶¶ 42-44.)  "There is no prejudice to the to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).  Lastly, Bropfs counterclaims that DVH misappropriated its registered trademark, based on allegations of actual confusion among customers.  (Def.'s Countercl. ¶¶ 36-37.)  If proven, this assertion constitutes a meritorious defense to the claims presented by DVH.  Therefore, Bropfs has shown good cause to set aside the default.

## IV.  Conclusion

For the above reasons, the court GRANTS Bropfs' Motion to Set Aside Entry of Default, and therefore DENIES DVC's Motion for Entry of Default. Pursuant to the Stipulation filed by the parties, Plaintiff has twenty (20) days from the date of this Order to file and answer or otherwise respond to Defendant's Answer and Counterclaim.

**IT IS SO ORDERED.**

Signed this 5th day of February 2007.

*/s/ Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE