IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DVH COMPANIES, INC. d/b/a<br>SOUTHWEST WHEEL CO. and d/b/a<br>ETRAILERPART.COM, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | CIVIL ACTION NO.<br>3:06-CV-2084-P |
| v. | §<br>§ | |
| BROPFS CORP. d/b/a ETRAILER.COM, | §<br>§ | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Plaintiff DVH Companies, Inc. d/b/a Southwest Wheel Co. and d/b/a etrailerpart.com's ("Plaintiff" or "Southwest Wheel") Motion for Summary Judgment, filed June 12, 2007. After careful consideration of the Parties' briefing and the applicable law, the Court hereby DENIES as premature Plaintiff's motion.

**FACTS**

This is a declaratory judgment case filed by Southwest Wheel, wherein Southwest Wheel seeks a declaration that the use of its stylized mark, etrailerpart.com ("Etrailerpart Mark"), does not infringe on any of Defendant Bropf Corp. d/b/a etrailer.com's ("Bropf" or "Defendant") rights in its registered trademark, etrailer.com. Southwest Wheel also seeks cancellation of Bropf's trademark because the term "trailer" is generic and thus, not entitled to trademark protection.

Bropfs owns and operates a web site at the domain <etrailer.com>, from which it sells truck and trailer accessories and trailer hitches to the public by way of an online shopping cart, a toll-free phone number, and an e-mail address. An image of Bropf's mark ("Etrailer Mark") is shown at page

1

3 of Southwest Wheel's Motion for Summary Judgment. The stylized mark is comprised of one line of text and uses all lower-case plain block letters for that portion of the mark "etrailer" and much smaller capital letters for that portion of the mark ".com". Bropf has used the Etrailer Mark and has operated its website at <etrailer.com> since October 17, 2000.

In January 2003, Southwest Wheel launched its web site at the domain <etrailerpart.com> from which it sells truck, towing, and trailer parts to the public by way of an online shopping cart, a toll-free phone number, and an e-mail address. An image of Southwest Wheel's mark ("Etrailerpart Mark") is shown at page 3 of Plaintiff's Motion for Summary Judgment. The stylized mark is comprised of three lines of text, with the first line in all capital letters reading "Southwest Wheel's". The second line is comprised of all lower-case cursive letters reading "etrailerpart", with the e in a different color than the rest of the term. The third line contains an image of trailer wheels and ".com" in the same lower-case cursive letters as line two, with ".com" in the same color as the "e" in "etrailerpart."

In February 2003, Bropfs notified Southwest Wheel that it believed Southwest Wheel's use of the web site and trademark infringed Bropfs' Etrailer Mark. Southwest Wheel continued the operation of its web site and its use of the Etrailerpart Mark.

On March 25, 2003, Bropf applied for federal trademark registration for the Etrailer Mark. On November 30, 2004, Bropf obtained federal trademark protection for the Etrailer Mark pursuant to Section 2(f) of the Trademark Act for online retail ordering services and retail outlets featuring truck accessories and trailer hitches in International Class 35.

On October 11, 2006, Bropf submitted a complaint to the World Intellectual Property Organization pursuant to the Uniform Domain-Name Dispute Resolution Policy of ICANN,

requesting that Southwest Wheel be directed to transfer its registration for the domain <etrailerpart.com> to Bropf.

On November 9, 2006, Southwest Wheel filed this declaratory judgment action. On December 14, 2006, Bropf filed a counterclaim in this action alleging claims of federal and state trademark infringement, unfair competition, cyberpiracy, dilution, and other state law claims.

## DISCUSSION

Southwest Wheel moves for summary judgment on the ground that Bropfs' Etrailer Mark is generic and therefore incapable of protection under trademark law. (Mot. at 6-20.) In the alternative, Southwest Wheel argues that there is no reasonable likelihood that consumers can be confused as to any relationship between Southwest Wheel's business and Bropfs' business. (Mot. at 24.) Southwest Wheel also seeks a declaration that its ownership and use of the domain name <etrailerpart.com> does not constitute cyberpiracy and that Bropfs' state law claims fail because the trademark infringement claims upon which they are predicated fail.

In response, Bropfs argues that Southwest Wheel's motion should be denied as premature because the Parties have not yet conducted discovery or developed the record in this case. Southwest Wheel does not respond to Bropf's argument that this summary judgment motion is premature.

Rule 56 of the Federal Rules of Civil Procedure is entitled "Summary Judgment" and expressly states that summary judgment may be rendered "if the pleadings, *depositions, answers to interrogatories, and admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). Discovery is designed to reveal whether factual assertions made by the movant are in dispute. *See Hoffpauier v. Trimas Long Term Disability Plan*,

No. CIV. A. H-06-3011, 2006 WL 2924951, at *2 (S.D. Tex. Oct. 10, 2006). "[A] motion for summary judgment cannot be granted when, given the [early] state of discovery, it is not yet possible to ascertain whether essential assertions of fact made by the moving party will be in genuine dispute." *Id.* "It is a misuse of the time of both counsel and the Court for a party to file a motion for summary judgment before filing requests for admissions or other discovery devices designed to reveal whether the factual assertions on which the summary judgment motion is based are in dispute." *Id.* This is not meant to say that one may not file a motion for summary judgment before expenses have been incurred in extended discovery - however, such a filing is permissible only when the motion is grounded on a legal theory that is unaffected by factual controversies in a case. *See id.*

The Fifth Circuit has held that the trademark categorization of a word or phrase is an issue of fact, not a matter of law, and therefore, courts should determine categorization based on a developed record on this issue. *See Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 845 (5th Cir. 1990).

In this case, Southwest Wheel bears the burden of proving genericness as a matter of law in light of the presumption of validity afforded by the certificate of registration. *See* J. Thomas McCarthy, 2 McCarthy on Trademarks and Unfair Competition § 12:12 (4th ed. 2007). "Because a finding of genericness may result in the loss of rights which could be valuable intellectual property, a court should not find genericness without persuasive and clear evidence that the contested term has become generic among a majority of the buyer group." *Id.*

Evidence to prove genericness may include (1) competitors' use; (2) the accuser's use; (3) dictionary definitions; (4) media usage; (5) testimony of persons in the trade; and (6) consumer

surveys. *See id.* § 12:13. Southwest Wheel has presented some evidence in support of its position, in the form of third-party usage of the term "trailer," legal analysis of the trademark significance of the prefix and suffix "e" and ".com" when added to a the term "trailer," definition(s) of the word "trailer," and affidavits containing legal opinions from Southwest Wheel's own general manager and legal counsel.

Local Rule 56.2(b) states that a party is limited to one motion for summary judgment in a case. Thus, any summary judgment motion should take into consideration all evidence procured through discovery and should encompass all issues for which summary judgment is appropriate. The Court is unwilling to rule on Southwest Wheel's summary judgment motion and the issues contained therein without giving both Parties the opportunity to conduct discovery, to identify the precise issues in dispute, and to present a well-developed record for the Court's consideration.

Therefore, the Court hereby DENIES as premature Plaintiff's motion for summary judgment. It is SO ORDERED, this 6th day of November 2007.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE